Tufts v. McClure Bros.

REVERSED.

Tufts v. McClure Bros.

1. **Sale of Personal Property:** TIME OF DELIVERY. Under a contract for the sale of personal property, to be shipped "by freight as soon as possible," the vendor is entitled to a reasonable time in which to deliver the articles sold.

2. ———: ESTOPPEL: PRACTICE. That the vendee, upon the delivery of the goods, refused to receive them because they were in a damaged condition would not estop him to object, upon trial, that they were not delivered in a reasonable time.

*Appeal from Blackhawk Circuit Court.*

TUESDAY, APRIL 6.

ACTION to recover the value ($212.50) of a soda apparatus, etc., sold by plaintiff to defendants, pursuant to an order therefor by them. The petition avers the making of the order by defendants, the compliance therewith by plaintiff, and the failure of the defendants to pay. The answer admits making the order, denies plaintiff's compliance therewith, and avers that it was agreed when the order was made, that the articles were not to be paid for until received by them in good order at

Waterloo, and that they refused to receive them on account of their broken condition, and never did receive them. There was a jury trial; verdict and judgment for defendants; and the plaintiff appeals.

*Miller & Preston,* for appellant.

*Boies, Allen & Couch,* for appellee.

COLE, J.—I. The order of defendants was solicited from them by an agent of plaintiffs, and was made upon a printed form, at the residence of the defendants, Waterloo, Iowa, April 27, 1872. The order was for an Alaska soda apparatus, specifying the size, left hand position, Italian marble, syrups, tumbler stands, etc., etc., and directing that it be sent by "freight, soon as possible." The printed form concluded with: "Give exact diagram on separate sheet, indicating how the edges are to be finished, and where apparatus is to be placed." Following the printed form with its blanks filled as above indicated, was the following in writing, to-wit: "$112.50 on receipt of goods, cash, and 60 day note without interest."

After the evidence was closed, the court gave, among others, this instruction: "4. The defendants having ordered the same shipped as soon as possible, it was the duty of plaintiff to ship the same *forthwith;* that is, allowing a reasonable time for the order to go by ordinary course of mail to place of shipment, and also a reasonable time to pack the same and ship." One of the leading points in controversy was as to the failure to ship promptly; and this instruction was perhaps the most material one, in the case. In view of the order and its nature, we think it does not correctly state the rule of law. It is manifest from the order and from the printed form itself, with its blanks, that the apparatus was to be manufactured or fitted to the particular counter or location where the purchaser wished to place and use it; and to be of such kind of marble as he should direct, and "*to be finished*" on the edges as he should indicate. Instead, therefore, of being required to ship the same "forthwith" upon the receipt of the order, the plaintiff is entitled to a reasonable time after receiv-

1. SALE of personal property: time of delivery.

ing the order to procure or prepare the apparatus conformable to the order, not to manufacture an entire new one throughout; for it is quite clear from the order itself that many, and most of its parts were, or might be already prepared and equally adapted to an apparatus of any size and for any place; but a reasonable time for procuring or manufacturing the parts necessary to adapt it to the place for which it was ordered, and make it conform to the specifications of the order as given by the defendants. The same error is also embodied in the seventh instruction. The fifth instruction relates to the careful manner of packing, etc.; but since there was no evidence or question respecting this, the instruction should not have been given.

II. The plaintiff asked the court to instruct the jury as follows: "2. If the jury find from the evidence that the defendants refused to receive the soda fountain, and other articles mentioned in the order, on the ground that they were not sound, but in a damaged condition, and never made any objection to receive them on the ground that they had not been shipped in a reasonable time, and in compliance with the terms of the order, then they are estopped from claiming in this court, for the first time, for the delay in shipping said fountain." This was refused by the court, and we think properly so. The essential element of an estoppel, to-wit: that another party has acted, or changed his position to his prejudice, in reliance upon the alleged conduct, is wanting. But the matters stated in the instruction are proper to be considered as showing a waiver of any claim because of delay in shipping, if there was any delay. With this modification or change, the instruction might be given. The third instruction, asked and refused, was properly refused because it omitted the element of shipping within a reasonable time after the order was received. The third instruction given, embodied the same rule, substantially, as the first asked by plaintiff and refused. We do not state the objection to the question asked McClure, as a witness, because the answer shows that no prejudice could have resulted therefrom.

REVERSED.