McCORMICK HARVESTING MACHINE COMPANY, Respondent, *v.*
EUGENE WARFIELD, Appellant.

*Sale with warranty of a harvesting machine — action on a note given in payment
therefor — breach of the warranty — when the retention of the machine does not
amount to an acceptance.*

In an action brought to enforce the payment of a note given in payment for a
harvesting machine, the sale of which was accompanied by a warranty provid-
ing that, "if it cannot then be made to work well, the purchaser shall return
it at once to the agent of whom he received it, and his payment (if any has
been made) will be refunded. Continuous use of the machine, or use at inter-
vals through harvest season, shall be deemed an acceptance of the machine by
the undersigned."

There was little or no controversy concerning the inability of the machine to
properly perform the work which it was warranted to perform, but the ques-
tion was presented whether the purchaser's failure to return the machine, imme-
diately upon ascertaining that it did not fulfill the vendor's representations, did
not amount to an acceptance.

*Held,* that certain statements made by the agent of the vendor, when the machine
was being tried, that, "If it don't work better than it has here, better than
we have seen it work to-day, I don't want you to have it, you needn't have
it," sufficiently supported the finding of the jury that the purchaser's delay
of three months in returning the machine was not, under the circumstances,
so unreasonable as to have amounted to an acceptance;

That the question whether the retention of the machine was unreasonable was
one of fact and not of law, and was properly submitted to the jury.

APPEAL by the defendant, Eugene Warfield, from an order of the
Supreme Court, made at the Ontario Trial Term and entered in the
office of the clerk of the county of Ontario on the 9th day of
December, 1897, granting the plaintiff's motion to set aside a verdict
in favor of the defendant, and for a new trial made upon the
minutes.

This action was tried at the Ontario Trial Term in May, 1897,
and resulted in a verdict for the defendant.

*Edwin Hicks* and *E. A. Griffith* for the appellant.

*Frederick D. H. Cobb,* for the respondent.

ADAMS, J. :

The plaintiff brings this action to enforce the payment of a note of $100 and interest, given by the defendant in payment for a harvesting machine purchased by him of the plaintiff.

A written guaranty accompanied the sale of the machine, by the terms of which the same was warranted to be well made, of good material and durable with proper care.   The warranty also contained the following provisions, viz. : " If upon one day's trial the machine should not work well, the purchaser shall give immediate notice to said McCormick Harvesting Machine Company, or their agent, and allow time to send a person to put it in order.   If it cannot then be made to work well, the purchaser shall return it at once to the agent of whom he received it, and his payment (if any has been made) will be refunded.   Continuous use of the machine, or use at intervals through harvest season, shall be deemed an acceptance of the machine by the undersigned."

The defendant's answer alleged that the machine did not do the work for which it was intended, in that it did not properly bind and deliver the bundles of grain which it cut ; that notice of this defect was given to the plaintiff's agent ; that the defect was not remedied, and that before the commencement of this action the machine was returned to the agent of whom it was purchased.

Upon the trial considerable evidence was given tending to show that the machine did not perform its work satisfactorily, nor in accordance with the terms of the warranty.   It was made to appear that upon the day when it was first used the defendant, discovering that it was a defective machine, notified the plaintiff or its local agent of the fact, and that a representative of the plaintiff was thereupon sent to the defendant's farm to see what the defect was and to remedy the same if possible.   Several other attempts were made to use the machine, on different days and in different fields of grain, but on each occasion it was found to work unsatisfactorily, and it is virtually conceded that it utterly failed to answer the representations contained in the written warranty.

It further appears that this machine was purchased after the close of the season of 1895 and was stored by the defendant until the harvest season of 1896, when it was first used ; that the last attempt to use it was made either in the latter part of August or in the fore

part of September, 1896; but that the defendant did not return it or offer to return it. to the plaintiff's agent until the first day of December following, and the principal question litigated upon the trial was whether or not this delay in returning the machine was so unreasonable as to amount to an acceptance of it by the defendant, within the true intent and meaning of the contract.

This question was submitted to the jury as one of fact, and no exception was taken by the plaintiff's counsel to the charge of the court in respect thereto. The jury found in favor of the defendant, and thereafter a motion for a new trial was made by the plaintiff before the trial justice, and the same was granted upon the ground that the question of acceptance was one of law, and should have been disposed of as such by the trial court; and this, it is conceded by both sides, is the only question presented for our consideration upon this review.

The provision in the contract of warranty which requires the purchaser, upon discovering that the machine is not working satisfactorily, to return it "at once" to the agent, means simply that he shall return it within a reasonable time, and what is a reasonable time is generally a question of fact, and not of law. (*Pierson* v. *Crooks*, 115 N. Y. 539, 551.)

Especially is this the case where there is any dispute as to the facts, or where different and conflicting inferences may be drawn by a jury from facts which are not in dispute. (*Roth* v. *Buffalo & State Line R. R. Co.*, 34 N. Y. 548, 553.).

As has already been suggested, there is little or no controversy in the case at bar concerning the inability of the machine to properly perform the work which it was warranted to perform, but as regards the defendant's omission to return the machine immediately upon becoming satisfied that it did not fulfill the plaintiff's representations, there is some evidence which is not only conflicting in its character, but is, we think, such as will permit different and diverse inferences and conclusions to be drawn therefrom.

To illustrate, the defendant testified that after attempting to use the machine in his own wheat field, and discovering that it would not work satisfactorily, he was requested by the plaintiff's agent who was present, to try the machine in another field where it was thought the wheat was in better condition; and that he thereupon

stated to such agent that if it did not work better there, he did not want it, and that he did not think he wanted it anyway. That thereupon the agent replied : " If it don't work better than it has here, better than we have seen it work to-day, I don't want you to have it, you needn't have it."

It is not denied that the man who is alleged to have made this remark was an agent of the plaintiff, sent by it to the defendant for the express purpose of remedying any defect which might be discovered in the machine, and within the terms of the contract he had ample authority, in the event that the machine was found to be defective, to take it back from the defendant and release him from any or all of the conditions of his contract. This being the case, the jury might have inferred, if they believed the defendant's testimony, that what was said by the plaintiff's agent absolved the defendant, in a measure at least, from the duty of returning or offering to return the machine as soon as he would otherwise have been required to do. In other words, this evidence might support the finding that the defendant's delay of three months in returning the machine was not, under the circumstances, so unreasonable as to have necessarily amounted to an acceptance.

Upon the other hand some evidence was offered upon the part of the plaintiff tending to show that intermediate the time when the machine was last used by the defendant and the day of its return by him, he went to the office of the plaintiff's local agent at Canandaigua, and asked for an extension of the time of payment of the note in suit; and it is insisted that this circumstance shows most conclusively an intention on the part of the defendant to accept the machine and to pay for it. There would be much force in this contention were the evidence upon which it is based uncontradicted or unexplained ; but the defendant, while admitting that he went to the office of the local agent at or about the time mentioned, says that he went there simply to ascertain whether he had given one or two notes ; that he did not ask for any extension of time, and that the agent was not present, but that the office was in charge of a clerk who professed to know little or nothing about the matter. Thus, it will be seen that this circumstance may or may not be of some value in determining the question under consideration, and that its value is wholly dependent upon which version of the occurrence is to be believed.

But without multiplying illustrations further, we think this is clearly a case where the question of whether or not the retention of the machine was unreasonable was one of fact and not of law, and that the learned trial justice was, therefore, correct in the first instance in submitting it to the jury. For this reason we are constrained to reverse the order appealed from.

All concurred.

Order reversed, with costs, and judgment ordered for the defendant on the verdict.