HENRY S. WHITENER, Respondent, v. GEORGE W. SCOGGINS, Appellant.

Springfield Court of Appeals, January 3, 1911.

BILLS AND NOTES: Fraud: Innocent Purchaser: Question of Fact. In a suit on a promissory note, the defense was that the note had been obtained through the fraudulent representations of the payee. Plaintiff claimed to be an innocent purchaser. The cause was submitted to the court without a jury, and the court found the issue in favor of the plaintiff. The evidence is examined and *held* sufficient to sustain the judgment.

Appeal from St. Francois Circuit Court.—*Hon. Chas. A. Killian,* Judge.

AFFIRMED.

*Munger & Meador* for appellant.

(1) One of the essential requisites for the protection of a holder of a note is that he shall have taken it without notice of any defect of title, illegality or fraud that would defeat recovery in the hands of his transferer. Notice is equivalent to knowledge. 4 Am. and Eng. Ency Law, 302. (2) Actual knowledge by the holder of a note of the payee's fraud may be shown by circumstantial evidence; and facts and circumstances which would put a prudent man on inquiry may be shown as tending to show actual knowledge. Stewart v. Andes, 110 Mo. App. 243. (3) The title of a person who negotiates an instrument is defective within the meaning of this act when he obtained the instrument or any signature thereto by fraud, duress or force and fear, or other unlawful means, or for any illegal consideration, or when he negotiates in breach of faith, or under circumstances as amount to a fraud. Laws 1905, p. 250.

*Marbury & Hensley* for respondent.

The court, sitting as a jury, found for the respondent, and did so from the evidence, the circumstances and all the legitimate inferences to be drawn therefrom that respondent ought to recover of and from appellant. O'Mara v. Transit Co., 120 Mo. App. 210; Fogarty v. Transit Co., 180 Mo. 514; Blanton v. Dold, 109 Mo. 64; Gannon v. Light Co., 152 Mo. 565; Whitsett v. Ranson, 79 Mo. 258; Lawson v. Railroad, 131 Mo. 533; Taylor v. Railroad, 162 Mo. 183.

COX, J.—Action upon a promissory note for five hundred dollars which plaintiff claims to have purchased from the payee therein for value before maturity. The defense was that the note was procured by fraud, and that plaintiff was not an innocent holder for value.

The fraud alleged by defendant in his answer was that E. A. P. Haynes, payee in the note, came to defendant's home in Glover, Iron county, Missouri, and there represented to him that he, Haynes, had organized what was known as the E. A. P. Haynes Investment Company of the city of Saint Louis, and that the said company had a paid up capital of twenty-five thousand dollars and that the purpose and business of said corporation was to do a large investment and loan business in the locality of Glover, in Iron county. and that the same would be of an immense advantage financially and commercially to the said Scoggins. That relying upon these representations he was induced to sign the note in suit and that these representations were false and that the organization of the company by Haynes was not in good faith, but fraudulent from its inception.

The case was tried before the court without a jury, finding in favor of plaintiff and judgment accordingly and defendant has appealed. The only dec-

laration of law asked was a demurrer to the testimony by defendant at the close of plaintiff's testimony, and a peremptory declaration to find for defendant, at the close of all the testimony. ° The only question for review here is whether or not the finding of the court is warranted by the testimony.

Without setting out the testimony in detail it is sufficient to say that there was substantial testimony to support defendant's defense, and also substantial testimony to support the claim of the plaintiff that he was an innocent purchaser for value before maturity of the note in suit. The trial court heard the testimony and found the issues in favor of plaintiff. This is binding upon us and there is nothing left for us to do but to affirm the judgment, and it is so ordered. All. concur.