S. F. BOWSER, Appellant, v. J. E. ATKINSON, Respondent.

Springfield Court of Appeals, January 8, 1912. Motion for Rehearing Overruled February 26, 1912.

1. SALES: Shipments "At Once:" Countermanding Order. Plaintiff's agent obtained from the defendant an order for certain goods. This order was signed by the defendant and the blank therein for inserting the date upon which the order was to be shipped, was filled in with the words,. "at once." The order was received by plaintiff on March 16. On March 26 defendant sent

a telegram and letter countermanding the order and calling plaintiff's attention to his failure to ship the goods at once. Plaintiff disregarded the countermand and shipped the goods on March 30. *Held*, that plaintiff had failed to comply with that provision of the order requiring shipment at once; that the delay in shipment appears inexcusable under the evidence; that defendant was justified in countermanding the order and plaintiff was not entitled to recover.

2. ———: ———: "Reasonable Time." The term "at once," "forthwith" or any similar term, when used in a contract for the purchase of goods to designate the time when the goods are to be shipped, has a more restricted meaning than the term "reasonable time." But it means, in the absence of anything to qualify it, that all reasonable haste consistent with fair business activity should be used in filling the order and making the shipment.

3. ———: ———. The agreement to ship at once implies that the goods are on hand and ready for shipment when the order therefor is taken.

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby*, Judge.

Affirmed.

*Heffernan & Heffernan* for appellant.

(1) Appellant having paid commission in making the sale to respondent, and incurring expense in part performance of the contract, before its repudiation by respondent; the law gives appellant a remedy by suit, to recover the money so expended and the value of labor bestowed in part performance of the contract, plus the profits that would have accrued had not the performance of the contract been prevented by the respondent. 1 Sedgwick on Damages, 456; Catalogue Co. v. Car & Foundry Co., 120 Mo. App. 583; American Eng. Co. v. Walker, 87 Mo. App. 503; Moline Scale Co. v. Bend, 52 Iowa, 307; Danforth v. Walker, 37 Vt. 239; Ward v. Thomas, 64 N. Y. 107; McGregor v. Ross, 96 Mich. 103; Collins v. Delaport, 115 Mass. 159; Rhodes v. Land & Lbr. Co., 105 Mo.

App. 315; Albers v. Exchange, 138 Mo. 140; Chalice v. Witte, 81 Mo. App. 84; Peck & Co. v. Roofing & Con. Co., 96 Mo. App. 212; Laclede Con. Co. v. Tie Co., 185 Mo. 25; Berthold v. Con. Co., 165 Mo. 311; Manzke v. Goldenberg, 149 Mo. App. 23. (2) A valid contract is formed when a proposition made by one party is accepted by the other to whom it is made. Neither party can withdraw from such a contract without subjecting himself to liability for the damage caused by the breach of contract. Lungstrass v. Ins. Co., 48 Mo. 201; Lungstrass v. Ins. Co., 57 Mo. 108; Lapsley v. Howard, 119 Mo. 489; Stone v. Pennock, 31 Mo. App. 544; Brown v. Smith, 113 Mo. App. 59. (3) Appellant's action is based on the contract and the evidence establishes a compliance with terms thereof by plaintiff, and a breach of said contract by defendant. The performance by plaintiff after defendant refuses to perform, does not deprive plaintiff of its right to recover whatever damage is suffered; nor does it change the nature of its cause of action. Peck v. Metal R. & C. Co., 96 Mo. App. 212; Fireworks Co. v. Polites, 130 Pa. St. 536; Dillon v. Anderson, 43 N. Y. 231; Danforth v. Walker, 36 Vt. 244; Davis v. Bronson, 2 N. D. 300, 33 Am. St. Rep. 783.

*Farrington & Wear* and *George Pepperdine* for respondent.

(1) The measure of damages for a breach of a contract of sale is the difference between the contract price of the article and its market value at the place of delivery. Holliday v. Lesh, 85 Mo. App. 285; Parlin & Orendorff v. Boatman, 84 Mo. App. 67; Brown v. Mfg. Co., 210 Mo. 260. (2) Profits are not an element of damages in case of breach of contract of sale and the same is true as to commissions. Holliday & Co. v. Lesh, 85 Mo. App. 285. (3) The rule as to the measure of damages is not changed by clause in the

contract to the effect that the order is non-revocable, for this clause adds nothing to the legal effect of the contract, and seller has no right to go ahead after receiving directions to cancel the order. Frederick v. Willoughby, 136 Mo. App. 244; Catalog Co. v. Car & Foundry Co., 120 Mo. App. 575.

COX, J.—Action for damages for breach of contract to purchase certain goods. Trial by court, judgment for defendant and plaintiff has appealed.

The agent of plaintiff called upon defendant March 14, 1910, at Springfield, Missouri, and on that date the defendant signed an order for a five-barrel gasoline tank and some other goods for which he agreed to pay $206. The goods were to be shipped from Ft. Wayne, Ind., where plaintiff's place of business was located. The order was upon a printed blank in use by agents of plaintiff in taking orders and the blank for inserting date upon which the orders were to be shipped was filled in with the words "at once." The order, was received by plaintiff at Ft. Wayne, Ind., March 16, 1910. On March 26, defendant sent to plaintiff a telegram countermanding the order as follows: "Cancel order of 14th. Have traded auto for outfit here," and on the next day, sent the following letter to plaintiff:

"Springfield, Mo., 2-27-10.
S. F. Bowser & Co.,
　　Ft. Wayne, Ind.
Gentlemen:

I telegraphed you 3-26-10, Cancel order of fourteenth have traded auto for outfit here.

I did not like to do this as I had canceled the first order with you, but your representatives promised me the outfit would be shipped at once, and I had a chance to trade an automobile and take an outfit in

on part pay of the auto, so you see I could not afford not to cancel your outfit.

Very truly,
J. E. ATKINSON."

Plaintiff disregarded the countermand and shipped the goods on March 30. Defendant refused to receive the goods and this suit followed.

The contention of appellant is that instead of a finding for defendant, the finding should have been for plaintiff under the conceded facts and that the only question at issue was the measure of damages. No declarations of law were asked or given, hence the theory on which the court found for defendant is not stated; but if its finding is justified upon any theory of the law applicable to the case, the judgment must be affirmed. In determining this question, our first duty is to ascertain the meaning of the contract between the parties. This turns upon the force to be given to the provision therein that the goods were to be shipped "at once." It is familiar law that all contracts where no other provision is made must be performed in a reasonable time and what is a reasonable time must depend upon the facts in each particular case. The provision in this contract that the goods ordered should be shipped at once must have been inserted for some purpose and by its insertion the parties must have intended to add something to the contract that would not have been included had this provision been omitted.

The meaning of this clause in a contract is not without judicial interpretation. Thus in Lewis v. Hojer, 16 N. Y. Supp. 534, a party had agreed to ship cigars at once. It was held that this did not mean to ship in a reasonable time but meant that the shipment would be made, with greater celerity than is ordinarily comprehended by a reasonable time; also "at once" is convertible with "prompt," "forthwith,"

then said: "These terms in their ordinary accepta-
tion mean at the same point of time, immediately, with-
out delay, at one and the same time, simultaneously, di-
rectly." In Tobias v. Lissberger (N. Y.), 12 N. E.
13, it is said: "The agreement for prompt shipment
meant 'at once' and required more expedition than is
allowable under an agreement to perform in a rea-
sonable time. In Woods v. Miller (Ia.), 7 N. W. 484,
a contract for the shipment of potatoes contained the
agreement to fill the order immediately. Held this
implies readiness to ship and evidence tending to show
an excuse for a delay of eight days in making the ship-
ment not admissible. In Oklahoma Vinegar Co. v.
Hamilton et al. (Ala.), 32 So. 306, a contract for the
purchase of goods provided that they should be
shipped "at once." Held, "That an instruction that
'at once' meant in a reasonable time was properly re-
fused; held, also, "That some appreciable time must
elapse on an order for shipment at once and such
necessarily elapsing time would be a reasonable time
in a sense referable to the urgent words of the order."
In Tuft v. McClurg Bros., 40 Ia. 317, an order was
given for a soda apparatus to be shipped "as soon as
possible." The court instructed that this meant to
ship forthwith; held, error, but upon the ground that
other portions of the order showed that some work
was to be done on some parts of the apparatus after
receipt of the order before it could be shipped. In
Warder Bushnell & Glessner Co. v. Horne (Ia.), 81 N.
W. 591, a purchaser of a binder agreed that if the
binder was not satisfactory after one day's trial, it
should be returned at once, held "at once" to mean
in a reasonable time taking all the facts into consider-
ation. To the same effect is McCormick Harvester
Machine Co. v. Warfield, 53 N. Y. Supp. 737. In
Heisch et al. v. Annin et al., 58 N. Y. Supp. 1019, the
term at once in a contract is held to have a more re-
stricted meaning than "a reasonable time." In J.

C. Smith & Wallace Co. v. Langer (N. Y.), 46 Atl. 623, flour ordered was to be shipped at once. Held, proper to show the trade meaning of the term "at once," if it had any, and that the parties understood it and used the term in its trade sense and if it were shown that in trade usage the term meant a reasonable time and the parties in contracting used the term in that sense, then that meaning should be given it.

Our conclusion is that the term "at once," "forthwith," or any similar term when used in a contract for the purchase of goods, to designate the time when the goods are to be shipped has a more restricted meaning than the term reasonable time. We do not think it should be held to mean a time simultaneous with the execution of the contract, for that would often be impossible; but it does mean, in the absence of anything to qualify it, that all reasonable haste consistent with fair business activity should be used in filling the order and making the shipment. There is nothing connected with the order in this case to indicate any necessity for any considerable length of time in which to make the shipment. Plaintiff received this order on March 16th and did nothing toward shipping the goods, as far as the evidence preserved in this record discloses, until after receipt of defendant's countermand which was not sent until ten days after plaintiff received the order. The agreement to ship "at once" implies that the goods are on hand and ready for shipment when the order is taken. [Woods v. Miller, supra.] If plaintiff had the goods on hand on March 16th when the order was received at Ft. Wayne, the delay in shipment until March 30 and after receipt of defendant's countermand was inexcusable. The order was signed on March 14th and was received by plaintiff at Ft. Wayne, Ind., on the 16th. Defendant did not countermand until ten days later and there being nothing to indicate any necessity for a delay of ten days in

making the shipment the countermand was justified and the finding of the court for defendant was, for that reason, warranted by the testimony. It is unnecessary to discuss other questions raised in appellant's brief. Judgment affirmed. All concur.