J. THOMAS AND SON, Respondents, v. A. M.
   BROWN, Defendant, EVA J. BROWN, Inter-
   pleader, Appellant.

Springfield Court of Appeals, March 3, 1913.

ATTACHMENT: Grounds For: Evidence Insufficient. That the
   defendant had left the town in which he resided, saying that he,
   would not return, and that it was not known by any of the wit-
   nesses where he was up .to the time of the trial, is not sufficient
   evidence to support a finding that the defendant was not a resi-
   dent of Missouri or that he was about to move out of the
   State, with the intent to change his domicile.

Appeal form Barry Circuit Court.—*Hon. Carr Mc-
   Natt*, Judge.

REVERSED AND REMANDED.

*Mayhew, Sater* and *Gardner* for appellant.

1.   Written demand of the officer is a sufficient no-
tice of wife's selection. State ex rel. v. Wolfe, 81 Mo.
586; Wife has rights to the exemption under sections
2185 and 8304. 2. Wife may maintain action though
she has joined her husband temporarily in another
State. Griffith v. Bailey, 79 Mo. 472. 3. Where the
material facts are undisputed the appellate court must
review their legal effect and decide whether the judg-
ment is warranted by such undisputed facts. Knapp,
Stout & Co. v. Stanley, 48 Mo. App. 264; Bruin v. Fair
Assn., 40 Mo. App. 425; Waddell v. Williams, 50 Mo.
216; Henry v. Bliss, 75 Mo. 194; Douglas v. Orr, 58
Mo. 573; Moore v. Hutchinson, 69 Mo. 429; Robbins v.
Phillips, 68 Mo. 100; Hart v. Leavenworth, 11 Mo. 629.
4.   Did the wife go to Texas with the intention of
abandoning her residence in Monett; or if she left with
no such intention, did she afterwards conceive it? If
neither of these purposes were resolved upon, she con-

tinued to be a resident of Monett. All the testimony
shows that she was coming back to Monett on the 4th of
July, 1911. State ex rel. v. Dayton, 77 Mo. 678; State
ex rel. v. Banta, 71 Mo. App. 32, 41. 5. The wife only
claims for the husband when he has abandoned and
absented himself from his usual place of abode so that
the ordinary process of law cannot be served on him.
Steele v. Leonori, 28 Mo. App. 681. 6. When prop-
erty has been claimed as exempt by the wife under Sec.
2185, R. S. 1909, the fact that the affidavit for attach-
ment in addition to stating defendant had absconded
and absented himself from his usual place of abode, al-
leged he was about to move his property and effects out
of this State with intent to change his domicile, and also
that defendant is a nonresident of this State, was not
proof of that fact. Martin v. Barnett, 158 Mo. App.
375; Griffith v. Bailey, 79 Mo. 472; Lindsey v. Dixon, 52
Mo. App. 291. 7. One can abscond or absent himself
from his place of abode without becoming a nonresident
of the State. The former is not necessarily a resulting
consequence of the latter. Martin v. Barnett, 158 Mo.
App. 375.

*Sizer* and *Kemp* for respondents.

1. In an action at law, tried by the court by con-
sent, without the aid of a jury, where no instructions
are asked or given, as in this case, the finding of facts
made by the judge is conclusive upon the parties in
this court. Keen v. Keen, 184 Mo. 358; Chapin v. Stahl-
huth, 102 Mo. App. 299; Russell v. Jones, 181 Mo. 699. 2.
When the trial is before the court, without a jury, the
appellate court should defer to the latter's finding,
since the trial court passes upon the credibility and
weight of the evidence. Carlos v. Railroad, 106 Mo.
App. 574; Baumhoff v. Railroad, 171 Mo. 120; Martin
v. Williams & Spicer, 96 Mo. App. 249; Mathewson v.
Kilburn, 183 Mo. 110; Fuhlhage v. Nagle, 105 Mo. App.
471. 3. The object of Sec. 2185, R. S. 1909, was sim-

ply to empower the wife, when the husband "has absconded or absented himself from his usual place of abode in this State" to make such claims for exemptions as the husband, if present, might make.    Her rights are no greater than his, were he present asserting the same.   She is, in fact, his vice, his representative, in that consideration of things.   Steele v. Leonard, 28 Mo. App. 675-684.   4.  The meaning of the words "about to remove" in the attachment law of this State is substantially this: "If a purpose exists to remove and the scheme may be carried out in one, two, three or several months, and if contemplated with a view to evade or delay creditors, the writ may be taken out." Elliott v. Keith, 32 Mo. App. 579.

STATEMENT.—This action was commenced in a justice's court, where the plaintiffs prevailed.  On appeal to the circuit court of Barry county, judgment again went for the plaintiffs, and the case is here on the appeal of Eva J. Brown, an unsuccessful interpleader.

An attachment suit was brought by the plaintiffs against A. M. Brown, the husband of the interpleader. The amount involved was a balance of ten dollars alleged to be due on account for a gocart bought by the interpleader in January, 1911, from the plaintiffs and charged to the defendant, the husband of the interpleader.

In May, 1911, plaintiffs caused a writ of attachment to issue out of a justice's court, the affidavit therefor stating as the grounds for attachment that plaintiffs have good reason to believe, and do believe, that defendant, A. M. Brown, is about to remove his property and effects out of this State with the intent to change his domicile; that defendant has absconded or absented himself from his usual place of abode in this State so that the ordinary process of law cannot be served upon him; that defendant is a nonresident of this State.

The constable levied on some household goods and wearing apparel belonging to the defendant of less than the value of three hundred dollars. While the attachment suit was pending, Eva J. Brown, wife of the defendant, filed the following interplea (formal parts omitted):

"Comes now Eva J. Brown, interpleader in the above cause, and states that on the ―――― day of May, 1911, by virtue of a writ of attachment issued before that time in said cause by said D. Wilkerson, justice of the peace of Monett township, the constable of said township in favor of said plaintiffs, J. Thomas & Son, of Monett, Mo., did levy upon and seize as the property of the said A. M. Brown, the following described property, to-wit: One chiffonier, one dresser, one sewing machine, two boxes household goods, three barrels household goods, one steel couch, one cot, one bale mattress, one rocking chair, six dining room chairs, one child's chair, one child's rocker, one stand table, one roll rugs, one carpet, two oil cans, and one ironing board.

"That the said defendant at this time has absented himself from his usual place of abode in Barry county, Missouri, and is absent therefrom, and has absconded and left his wife and two children, and was then and still is the husband of this interpleader, and is still absent from his usual place of abode, aforesaid, and that as the wife of said defendant, under and in pursuance to sections 2180 and 2185, Revised Statutes of Missouri of 1909, this interpleader selects, claims and demands and holds all the above described property exempt from said attachment; that in violation of the provision of said sections of said statute and section 2184 of said statutes, said constable, by virtue of said writ in said cause, has levied upon and seized said property and is withholding the same from this interpleader thereunder, and although duly notified of her selection of the same and demand to have same set over

to her by virtue of said sections of said statute, that no exemption whatever has been allowed her by said constable; that no other property belonged to the defendant from which such exemptions can be obtained, and that the property aforesaid does not exceed in value the amount absolutely allowed her by said sections as such wife of defendant in his absence from his place of abode.

"Wherefore, interpleader asks that an order and judgment be entered for the recovery of the said property exempted to her."

The judgment complained of is as follows (formal parts omitted):

"Now on this day this cause on the issues joined between Mrs. Eva J. Brown, the interpleader, together with her attorney, D. S. Mayhew, and comes the plaintiffs, together with their attorney, F. P. Sizer, and both sides announcing ready, and a jury having been waived by both the plaintiffs and the interpleader, the issues were submitted to the court for trial sitting as a jury. Whereupon the interpleader offered all her evidence tending to support her claims and exemptions for the property attached, and the plaintiffs having submitted all their evidence against the claims of the interpleader, and the court, after hearing all the evidence adduced by both sides, and after hearing the argument of the respective counsel, and after being fully advised in the premises, doth find the issues for the plaintiffs; and further finds that at the time of the serving of the attachment herein, the defendant, A. M. Brown, was a nonresident of this State, or was about to move out of the State with the intent to change his domicile.

"It is therefore ordered and adjudged by the court that the said Mrs. Eva J. Brown take nothing upon her interplea and that plaintiffs be permitted to proceed with their attachment to final judgment.

"It is further ordered and decreed that the plaintiffs recover of and from the interpleader and D. S. Mayhew, her bondsman on the appeal bond, their costs in this behalf, taxed at $49.45, for all of which execution shall issue."

The testimony of the interpleader shows that she was the wife of the defendant, A. M. Brown, and that her husband left the town of Monett, which was their home, on January 15, 1911, and that she did not know where he went and had not known his whereabouts since his departure; that after he left, she with her two minor childen stayed for probably two weeks in the rented house where they had lived, at which time she stored the household goods now in controversy and went to live with a neighbor for about two weeks. She then went to Greene county in this State to visit her father and mother, and on the tenth day of March, 1911, having returned to Monett, she left that place, taking her children and the gocart and went to Texas, for the purpose, as she says in her testimony, of "staying with her mother-in-law and working." She testified that it was not her intention to move to and become a citizen of the State of Texas. Her testimony is that she told one of the plaintiffs before leaving Monett that she would pay him for the gocart when she returned which would be on the fourth day of July. One of the plaintiffs as a witness denied that she made this statement. She testified that she stayed with her mother-in-law in Texas until she heard about the attachment suit and then came back to Monett on money which she had worked for, and that she had since resided in Monett, taking in washing and making a living in that way for herself and minor children. She stated as a witness that the goods attached belonged to her husband and that he had no other property, and that the goods were stored near the railroad tracks in Monett.

There is no competent testimony disclosed by the record showing the whereabouts of the defendant A.

M. Brown, whether within or outside the State; nor is it shown by any evidence that he was about to leave the State with the intent to change his domicile, or that he was a nonresident of this State.

## OPINION.

FARRINGTON, J.—There were no declarations of law asked or given by the court from which to ascertain the theory on which the case was decided. Where the trial court, sitting as a jury, makes a finding and renders a judgment in a cause originating in a justice's court where there are no written pleadings to show the theory on which the parties presented the case, and in the absence of any declarations of law to mark out the theory on which the circuit court rendered its judgment, such a finding and judgment must not be disturbed if from an examination of the record the appellate court finds any substantial evidence tending to show any reasonable theory on which the judgment may stand. [Freeman v. Foreman, 141 Mo. App. 359, 125 S. W. 524.] This court must assume that the trial court committed no error, and in the absence of pleadings and declarations of law, if there is any substantial evidence on which the judgment may stand, we must assume that the trial court believed that evidence and made its finding and rendered its judgment upon that theory. [Bowser v. Atkinson, 161 Mo. App. 450, 143 S. W. 75; Neil v. Cunningham Store Co., 149 Mo. App. 53, 130 S. W. 503; Whitener v. Scoggins, 152 Mo. App. 343, 133 S. W. 90.]

The record before us presents but one theory upon which this judgment could have been rendered, namely, that the defendant Brown, husband of the interpleader, was a nonresident of the State, or that he was about to remove his property and effects out of the State with intent to change his domicile, and that

168 Mo. App. 43

therefore his wife cannot claim under section 2185, Revised Statute 1909.

The trial court made a finding—incorporated in the judgment—which shows, as contended by the parties here, that the theory on which the judgment was rendered was that Brown was a nonresident or was about to move out of the State with the intent to change his domicile, and both parties treated such finding as decisive of the case; therefore, if there was any substantial evidence to support that finding, then under the rule stated by the Kansas City Court of Appeals in the case of State ex rel. Fowler v. Chaney, 36 Mo. App. 513, and again in the case of Lindsey v. Dixon, 52 Mo. App..291, the judgment would stand. The judgment, being based on this theory, is erroneous because there is no evidence to support it; nowhere in the record do we find any competent evidence that Brown was a nonresident of Missouri or that he was about to move out of the State with the intent to change his domicile. The most the evidence discloses is that Brown left his home in Monett saying he would not return and that his whereabouts up to the time of the trial was not known to any of the witnesses who testified. It is true, witness Nelson testified that he received an inquiry from the M. K. & T. Railway Company concerning Brown and that the letter was addressed from some point in Texas, but that was no evidence that Brown was then, or ever had been, in Texas or that he was about to change his domicile out of Missouri. Hence the judgment, under the cases last referred to, is wholly unsupported by the evidence.

In this connection we desire to state that while it is not decisive of the question in this case, as hereinbefore shown, we are not favorably impressed with the rule laid down in the cases last cited, and believe that the better rule to be adhered to is that announced by the St. Louis Court of Appeals in the case of Martin v. Barnett, 158 Mo. App. 375, 138 S. W. 538, which

we understand would allow the wife to claim under the statute where the husband has absconded or absented himself from his usual place of abode even though in doing so he may have left the State; but, as the question in this case is determined on the lack of any evidence to sustain the judgment, and as the appellate court must review the case on the same theory on which it was tried below and submitted here, it is unnecessary for us to certify the cause to the Supreme Court by reason of our disapproval of the rule declared by the Kansas City Court Appeals in the cases mentioned. The judgment is reversed and the cause remanded. All concur.