(95 Misc. Rep. 620)

### SIPE et al. v. NATIONAL SILK DYEING CO.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

SALES ⊜288(1)—WARRANTY—WAIVER.

Where motor truck wheels were sold with a warranty of freedom from defect for one year, and proved defective, the seller could not recover their price; there being no waiver of the warranty by retention by vendees of an invoice attempting to modify the warranty to include merely an obligation to repair, nor by retention of the wheels to allow plaintiff an opportunity to furnish satisfactory wheels.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 817; Dec. Dig. ⊜288(1).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by John F. Sipe and another against the National Silk Dyeing Company. From a judgment for plaintiffs in Municipal Court, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Merrill, Rogers & Terry, of New York City (Edward Ward McMahon, of New York City, and Crittenden H. Adams, of Glen Cove, of counsel), for appellant.

Louis H. Porter, of New York City (William C. Dodge, of New York City, of counsel), for respondents.

PHILBIN, J.  The plaintiffs brought this action to recover the agreed price of two patented wheels made for the defendant's motor truck.  The agreement to sell was made orally, but confirmed by a letter, dated April 7, 1915, from the plaintiffs, in which it was stated that the wheels were sold subject to a trial for 30 days immediately following delivery.  The plaintiffs also guaranteed the wheels "for one year without restriction, including even accidents, excepting abuse only."  The delivery of the goods by the plaintiff to the defendant was made on June 16, 1915, and they were put in use shortly thereafter. After using the wheels for a few days, one of them had to be removed because of defects, and was returned to plaintiffs for repairs.  Thereafter other defects developed, and plaintiffs made repairs from time to time until some day in August.  By a letter dated August 27, 1915, the plaintiffs said they would replace the defective yokes of the wheels.  It was testified on behalf of the defendant that in July a representative of the defendant spoke on the telephone to one Lytol, the salesman of the plaintiffs, who made the sale to defendant, and told him of the trouble being had with the wheels, and that Lytol said, in substance, to never mind the 30 days' limitation, that the plaintiffs would give the defendant 90 days for the trial of the wheels.  Lytol was not produced as a witness, and did not, therefore, deny this conversation.  The only attempt to show that the extension was not thus given was in the testimony of one of the plaintiffs, who testified that Lytol rarely came to the plaintiffs' place of business.  The fact that the plaintiffs made repairs long after the 30-day period expired, tends to support defendant's claim of an extension for 90 days, or until September 16, 1915, for the trial of the wheels by defendant.  The defendant could not be deemed to have accepted the goods until the trial period had expired, particularly in view of the defects which admittedly existed.  It offered to return the wheels on September 3, 1915.

There was an express warranty for one year, and it was certainly intended that the wheels furnished should be free from defects, even latent defects.  The plaintiffs claim that the warranty was limited to the duty of keeping the wheels in repair, and rely upon some wording used in the invoice.  The latter states that they will supply, without charge, any part or do any repairs due to faulty workmanship or material, or to any cause whatsoever, except the results of accident or abuse.  It was not intended merely that the plaintiffs would repair

any defects in the wheels during the year without charge. The defendant was entitled to have wheels that would give service practically uninterrupted by repairs of defects. The terms of the sale were expressed in the letter above referred to, and included a warranty for one year without any reference to workmanship, materials, or repairs. The agreement originally made could not be modified simply by inserting a different version in the invoice. The plaintiffs endeavor to show that the attempted modification was accepted because the invoice was retained by the defendant, and cite some authorities bearing upon the question of account stated, but it is obvious that such a theory is inapplicable.

The circumstances, would have justified the defendant rejecting the goods shortly after delivery, and its indulgence in giving the plaintiffs repeated opportunities to furnish a wheel that would conform to the terms of the contract should not be allowed to operate to its detriment. There has been no waiver of the breach of plaintiffs' warranty shown. The fact that the wheels were the subject of frequent repairs by the plaintiffs, and that defendant refrained from making any payment on account of the purchase, negatives any suggestion of acceptance, and rather indicates a determination of the defendant to insist upon the warranty being made good. The plaintiffs had no justification for believing that the defendant ever intended to accept a performance of the contract so clearly inadequate. Even if the court found that the alleged extension of 90 days for trial of the wheels had not been given, there is sufficient in the attitude that the parties had been shown to have taken to preclude the conclusion that there was a waiver or acceptance by the defendant. The use of the wheels as late as October, as claimed by the plaintiffs, cannot sustain a contrary finding. McCormick Harvesting Co. v. Warfield, 33 App. Div. 513, 53 N. Y. Supp. 737; Dochtermann v. Fiss, Doer & Carroll Co., 155 App. Div. 162, 140 N. Y. Supp. 72. The evidence having established that there had been a breach of warranty on the part of the plaintiffs, and that the defendant was not precluded from availing itself of that defense by waiver or otherwise, it was error to give judgment to the plaintiffs.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.