## GLADNEY MILLING CO. v. DEMENT. (No. 6565.)

(Court of Civil Appeals of Texas. San Antonio. May 11, 1921.)

1. Evidence ⟐450(8)—Parol testimony admissible to explain ambiguous contract.

Order for goods to be shipped "at once with M. Gro. Company," being ambiguous as to time of shipment, could be explained by parol testimony.

2. Sales ⟐81(3)—Words "at once" requires delivery within reasonable time under the circumstances of particular order.

The words "at once," as used to describe time of shipment, do not always mean instantaneously, but merely require shipment within a reasonable time, under the circumstances of the particular order (citing Words and Phrases, At Once).

Appeal from Johnson County Court; O. O. Chrisman, Judge.

Suit by the Gladney Milling Company against W. S. Dement. Judgment for defendant, and plaintiff appeals. Affirmed.

Webb & Cantrell, of Sherman, for appellant.

J. I. Kilpatrick, Jr., and Walker & Baker, all of Cleburne, for appellee.

COBBS, J. This suit was for damages growing out of the refusal of appellee to accept a lot of corn chops shipped to appellee at Cleburne, Tex., upon an alleged order from Sherman, Tex. The order is as follows:

"Sherman, Texas, 9/17/1918.

"Ship to W. S. Dement at Cleburne, Texas.

"Route ———. Date of shipment: At once with Market Gro. Co.

"Terms: Cash draft on arrival.

"Route draft through Home National Bank.

| No. Pkg. | Size Pkg. | Weight. | Articles. | Price. |
|---|---|---|---|---|
| 300 | 100 | | Yellow corn chops | 3.60 |

"Put in white Gladiola sacks if you are sure they will not tear; if not sure, then put in burlap; load so they can get to the feed first. Good chops, not No. 4.

"Specifications to be furnished within ——— days.

"Feed and meal, market price date of shipment.

"This order is subject to confirmation from office Gladney Milling Co., at Sherman, Texas,

and it is understood no verbal agreement not written on this order will be recognized.

"Buyer, W. S. Dement. Salesman, A. M. Gwinn."

The confirmation of the order is as follows:

"Sherman, Texas, 9/24/1918.

"Gladney Milling Company, Maufacturers of High Grade Flour, Bran, Meal and Chops.

"We cannot be responsible for delays caused by strikes, fires, or other causes beyond our control.

"Sold to W. S. Dement, Cleburne, Texas. Sept. 17, 1918.

"Terms: Cash. Home Nat'l Bank. Car Initial, ——. No. ——.

"Date to be shipped: With M. Gro. Co.

| Sacks | Lbs. | Bushels. | Articles. | Price. | Amount. |
|-------|------|----------|-----------|--------|---------|
| 300 | 100 | | Pure Corn Chops | 3.60 | |

"Acknowledgment.

"The above is an exact duplicate of your order as we have entered it. Please note prices and terms and advise us immediately of any discrepancy. Regular invoice will be mailed you at time of shipment."

The order with the Market Grocery Company identified the time of shipment as September 30, 1918. The goods were loaded October 8, 1918, at Sherman, Tex., and reached Cleburne October 12, 1918. Bill of lading was taken up by the Market Grocery Company and settlement made through said company with others shipping same time, except appellee. The appellant sold same for best obtainable prices, and sued appellee for the sum of $304.20, the difference between the contract price and what was realized therefrom. One sack was missing.

'Appellee defended on the ground that appellant's agent represented that the shipment was to be sent together with a part of a car load to the Market Grocery Company for delivery at once, and he desired to complete the carload; that he advised the agent he did not desire the chops unless shipped at once, which the appellant's agent agreed would be done. He did not know and was not advised until September 30, 1918, that the order of the Market Grocery Company was subject to change by the food administration, and did not know that it was different from the representations made by the agent to him, and if he had he would not have consented thereto, and the appellant concealed from him any knowledge that it was not to be shipped until September 30th, and hence the order was procured through fraud. It is alleged further that, by reason of the failure to deliver on time, the appellee sustained considerable loss, because they would have arrived prior to October 1st; that prior to the time the chops were shipped from Sherman, appellant was advised they would not be received,

and on account of appellant's failure to comply with the terms of the contract, he was under no obligation to receive them, and the failure to do so caused the loss in substantial damages to appellee.

The case was tried with a jury on special issues submitted by the court, and upon the return of their answers judgment was rendered against appellant and in favor of appellee.

The appellant assigns as error the ruling of the court, in not sustaining certain exceptions to the petition as set out in the first and second exceptions, claiming that the allegations undertake to vary by parol the written terms of the written order. We do not see any attempt to change or vary the terms of the contract, nor any merit in the exceptions, and they are overruled.

We do not quite follow the arrangement presented by the appellant in respect to the numbering of his assignments. Having overruled one "second assignment" of error, here is now again presented another second (10) assignment of error, complaining of the refusal of the court to instruct a verdict for $304.20, which is overruled.

In appellant's third (11) assignment of error, complaint is made of the refusal of the court to give the requested instruction that the term, "at once with the Market Grocery Company," as used in the contract, meant that the plaintiff should ship said chops in the first car coming to Market Grocery Company after said contract was made, and that said car should be shipped within a reasonable time, taking into consideration the circumstances surrounding the parties and the car facilities and governmental conditions concerning shipments. This charge is not a correct presentation of issues raised by the evidence. Besides, the material issues contained in the charge were submitted to the jury by the court in the issues presented.

Without following the assignments as presented, the contest centers around the meaning of the term, "at once with the Market Grocery Co.," and the words "at once" separated from "with the Market Grocery Company," appellant complaining "at once" is at variance with the words, "with the Market Grocery Co.," in the contract.

In response to the special issues the jury answered: First, said chops were shipped in the first car appellant shipped to the Market Grocery Company after the contract and purchase was made by defendant; and, second, that the expression "at once," in the order given by defendant for the chops, was that they were to be shipped within six days; third, that defendant ordered the chops to be sold in his store, and known to appellant.

In answer to special issues requested by defendant the jury found at or before the order was given to ship the oats appellant

knew the car of the Market Grocery Company was to be shipped at once, and that defendant relied on such statement in giving the order.

[1, 2] This contract expresses no time of delivery except "at once," and the court committed no error in submitting the issue to the jury as to its meaning. It is ambiguous as used in the contract, and parol testimony was admissible for the purpose of explaining it. In Words and Phrases, under the subject "at once," there are a number of cases collated and cited, showing its meaning as used in such contracts. To ship goods "at once" in an order does not always mean instantaneously, but requires action to be taken within a reasonable time under the circumstances of the particular order, for performance according to its strictly technical meaning might not be within the contemplation of the minds of the parties at the time, for that would have meant to be instantaneous, which would have been impossible. As said in Lewis v. Hojer (Com. Pl.) 16 N. Y. Supp. 534, 536, "in their ordinary acceptation [they] mean at the same point of time, immediately, without delay, at one and the same time, simultaneously, directly," and implied a shipment simultaneously with the acceptance, or at least, with receipt of advice of acceptance.

The testimony complained of was admissible to explain the meaning expressed in the within order. It neither varied, changed, or added to its terms, but simply was explanatory. The finding of the jury is entirely supported by the facts. The meaning of such terms in a contract has many times had judicial construction. Such orders have a far more restricted meaning than the term "reasonable time." Bowser v. Atkinson, 161 Mo. App. 450, 143 S. W. 75. But what would be the meaning of the term, in the absence of anything to qualify it, consistent with business activity to be used in filling and shipping the order is properly submitted to a jury.

Finding no reversible errors assigned, the judgment is affirmed.