**PENSION FUND OF the CHRISTIAN CHURCH, Plaintiff,**

v.

**Walter A. YOUNGE, M.D., Defendant.**

**No. 77–0072C(3).**

United States District Court, E. D. Missouri, E. D.

April 12, 1977.

Christian B. Peper, Jr., Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for plaintiff.

Raymond Howard, Jr., Kenneth R. Singer, Howard, Singer & Meehan, St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon plaintiff's motion for summary judgment. Plaintiff is the holder of a note secured by a deed of trust on certain property on Hamilton Avenue in St. Louis, Missouri. This suit was brought to recover the balance due as a deficiency after the property was sold at foreclosure.

The affidavits and exhibits filed by plaintiff establish without contradiction the following facts.

1. Plaintiff is an Indiana corporation with its principal place of business in the State of Indiana. Defendant is a Missouri resident living within the Eastern District of Missouri. The amount in controversy is more than ten thousand dollars ($10,000), thus, the Court has jurisdiction over this matter.

2. Defendant entered into an agreement with plaintiff providing for the renewal of a promissory note which had matured and executed a deed of trust securing the note.

3. Defendant defaulted on the payments due on the note. Foreclosure proceedings were initiated and the property was sold. The sale resulted in a deficiency of ten thousand four hundred and seventy seven dollars ($10,477.00).

■ Defendant does not challenge any of the facts listed above. Rather, the defense asserted is that plaintiff failed to file a proper notice procedure in conducting foreclosure proceedings and alleges that they were fraudulently conducted. Plaintiff disputes this for the most part and thus issues of fact as to the propriety of the sale do exist.

Defendant has moved to amend its answer to include a counterclaim to set aside the foreclosure sale as fraudulent. Plaintiff has cited several Missouri cases which hold that such a claim is a "collateral attack" on the foreclosure and may not be considered in an action on the note. *See, e. g., Gempp v. Teiber,* 173 S.W.2d 651 (Mo. App.1943). As defendant has noted these cases are based in large part on the now de-emphasized distinction between law and equity. To the extent this is true, they do not control this case.

■ However, it is clear that the sale is not void but only voidable if defendant's allegations are true. *Donovan v. Frick,* 458 S.W.2d 282 (Mo.1970). Further, the issue of defendant's liability on the note is not affected by the possibility that the sale may be set aside. Defendant, under the facts established, will be liable for some amount.

■ The only effect defendant's counterclaim could have on the main action would be to vary to total amount recovered. The foreclosure sale brought five hundred dollars ($500.00). If it were set aside plaintiff would be entitled to add that amount to its judgment or hold another sale. If the court were to entertain defendant's counterclaim, which has no independent basis of federal jurisdiction, the sole issues remaining would be the conduct of the sale and plaintiff's possible fraud.[1] The total recovery possible would be under ten thousand dollars ($10,-000.00). Thus defendant's motion to amend his answer and file a counterclaim is denied

---

1. Defendant suggests that his counterclaim is compulsory under Rule 13 of the Federal Rules of Civil Procedure. The court does not agree. The issue of liability in plaintiff's claim is dependent upon the note and defendant's default. The counterclaim is based entirely upon the sale.

Also, defendant did not request to amend his complaint until April 1, 1977, and then only in response to plaintiff's motion for summary judgment. The foreclosure sale took place December 30, 1976, and it is difficult to imagine how the identity of the purchaser and amount of the purchase price (the basis of defendant's counterclaim) could be "newly discovered" evidence.

and summary judgment will be granted for plaintiff.