**WESTOAK REALTY & INVESTMENT, INC., Plaintiff-Appellant,**

v.

**Guadaulupe HERNANDEZ, et al., Defendants-Respondents.**

No. 47412.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 7, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 18, 1984.

Application to Transfer Denied Jan. 15, 1985.

Claude C. Knight, St. Charles, for plaintiff-appellant.

Clinton B. Roberts, Farmington, for defendants-respondents.

PUDLOWSKI, Judge.

This cause of action is on transfer from the Supreme Court of Missouri for reconsideration in light of their recent decision in *Belote v. McLaughlin,* 673 S.W.2d 27 (Mo. banc 1984).

Westoak Realty and Investment, Inc. (Westoak), appellant, brought this action against Guadalupe and Wilma Hernandez, respondents, to recover on a promissory note executed by respondents. Appellant maintains the judgment of the trial court was against the weight of the evidence because appellant made a prima facie case and respondents failed to show that the claim was barred by the compulsory counterclaim rule or by res judicata and collateral estoppel. We affirm.

In July 1972, respondents executed a promissory note for $22,450 with interest and secured by a deed of trust and delivered it to appellant in conjunction with a construction contract between respondents and Custom Builders Corporation. Under the terms of the note, respondents were to make monthly installments from August 15, 1972 until March 15, 1973. Respondents defaulted on the note and in January 1975, appellant initiated foreclosure proceedings as per the deed of trust against the real property securing the note.

Respondents filed suit against appellant and Custom Builders Corporation in the Circuit Court of Ste. Genevieve County on January 23, 1975. Respondents sought to enjoin the foreclosure sale initiated by appellants and to require appellant to cancel the note and deed of trust. Respondents also sought damages against Custom Builders Corporation for allegedly defective construction of a house on the secured property. Respondents alleged appellant Westoak and Custom Builders Corporation were in reality the same entity.

The foreclosure under the power of sale in the deed of trust took place before the case came to trial and respondent amended the petition to set aside the sale. In Count II of the petition, respondent sought $5,000

damages from the trustee and appellant by reason of the unconscionable sale. Appellant had purchased the property for $500 at the foreclosure sale when the estimated value of the property was $6,000.

A default judgment was entered against appellant and Custom Builders Corporation on September 23, 1975. The court denied motions to set aside the default judgment. On appeal, this court reversed and remanded with instructions to the trial court to conduct further hearings on the motions. *Hernandez v. Westoak Realty and Investment, Inc.*, 549 S.W.2d 906 (Mo.App.1977). After a rehearing, the trial court again denied the motions. On appeal, this court affirmed the denial of appellant's motion, but reversed the trial court's denial of the motion to set aside the default judgment against Custom Builders Corporation and remanded the case for trial. *Hernandez v. Westoak Realty and Investment, Inc.*, 585 S.W.2d 548 (Mo.App.1979).

Appellant filed the present action against respondents February 4, 1980 in the Circuit Court of St. Louis County. Appellant sought $29,239.71, which included accrued interest on the note and attorneys fees. Respondents in their answer pleaded appellant's claim on the note was barred by the compulsory counterclaim rules and by res judicata and collateral estoppel. After a hearing, the trial court rendered judgment for respondents on March 3, 1983. This appeal follows.

■ There were no declarations of law asked or given by the trial court from which to ascertain the theory on which the case was decided. We, therefore, will not disturb the judgment of a trial court sitting as a jury if, from an examination of the record, we find any substantial evidence tending to show any reasonable theory on which the judgment may stand. *J. Thomas & Son v. Brown*, 168 Mo.App. 667, 154 S.W. 423 (1913).

As a result of our disposition of this appeal, it is only necessary to address appellant's argument that respondents failed to show, as an affirmative defense, that

appellant's claim on the note was barred by Rule 55.32(a), which provides:

(a) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction. But, the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the Court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule.

Respondents argue appellant is barred from its present action by the failure to assert its claim on the note as a counterclaim when it was sued by respondents in Ste. Genevieve County for damages. Appellant, however, vigorously maintains it did not need to bring a counterclaim in the first suit between the parties because of the exception in Rule 55.32(a)(1). The rule states, inter alia, that a pleader need not bring a counterclaim if at the time the action is commenced, the possible counterclaim is the subject of another pending action.

Appellant argues its claim against respondents for defaulting on the promissory note was pending at the time respondents brought suit in Ste. Genevieve to enjoin the foreclosure sale. Appellant further argues the "pending action" was the foreclosure proceedings it had initiated.

■ To support this assertion, appellant argues "action" as used in Rule 55.-32(a)(1) means not only cases filed and pending in a court, but any legal rights that exist against another party. This argument is illogical and has no basis in law. The exception in Rule 55.32(a)(1) for "another pending action" plainly refers to judi-

cial actions. While a suit or action to foreclose and a proceeding under power of sale to foreclose are equivalent in force or effect, power of sale foreclosure is nonjudicial. *See,* Nelson, *Deficiency Judgments After Real Estate Foreclosures in Missouri: Some Modest Proposals,* 47 Mo.L.Rev. 151, 162 (1982). As a result, appellant was not excused from filing its counterclaim.

■ Next, appellant argues it did not have an existing counterclaim in the first suit because the foreclosure sale had taken place. Appellant argues that until the court made a determination on respondents' petition to set aside the foreclosure sale, appellant had no way of knowing whether to claim the full amount due on the note or the full amount minus the $500 received in the sale. Appellant's argument is without merit. Appellant could have filed a counterclaim in alternative counts with one count seeking the total amount due and with the alternative count seeking a deficiency if the foreclosure sale was upheld.

Appellant's reliance on *Northwestern National Insurance Company v. Mildenberger,* 359 S.W.2d 380 (Mo.App.1962), is misplaced. That case held the purchase at a foreclosure sale for the full balance due on a note ended the creditor-debtor relationship of the mortgagee and mortgagor, thereby terminating a claim upon the proceeds of insurance money that inured to the benefit of the mortgagee after a fire. *Id.* at 386. The present case is vastly different, with the most important distinction being the foreclosure sale was not for the full amount of the balance due on the note.

Appellant also has misinterpreted *Schelp v. Nicholls,* 263 S.W. 1017 (Mo.App.1924). In that case, the defendant pleaded an equitable set-off[1] contending money from a trustee's sale should be applied to the amount on the note. The court held the defendant was entitled to the set-off. *Id.* at 1021. The defendant also contended he was entitled to money he had paid the plaintiff. The court held this count could

not be maintained as a counterclaim because at that point it could not be determined whether the proceeds of the foreclosure sale would cover the amount owed. *Id.* We do not see how the holding in *Schelp* supports appellant's proposition it could not maintain a counterclaim seeking the entire balance due on the note or, in the alternative, for a deficiency judgment on the amount due after the foreclosure sale.

■ Appellant next argues a counterclaim was not necessary because the present parties were represented in different capacities in the first suit. Appellant cites *Dalton v. Sturdivant Bank,* 76 S.W.2d 425, 426 (Mo.App.1934), which held a party seeking a set-off must show mutuality and identity of the parties and subject matter. This principle has been applied in various cases where one of the parties is acting in a representative capacity. *See e.g. Mercantile Trust Co. Nat. Ass'n v. Mosby,* 623 S.W.2d 22, 24 (Mo.App.1981) (holding a defendant could not use a debt owed him by decedent in his representative capacity as officer and director of a corporation as a set-off against decedent's personal claim against defendant) and *Hickey v. Sigillito,* 162 S.W.2d 638 (Mo.App.1942) (involving a counterclaim by an agent).

This case does not present a situation where one of the parties is acting in a representative capacity. Appellant was sued in Ste. Genevieve and is now suing in St. Louis County for its own, direct interests.

■ Appellant's next point contends it was not required to bring a counterclaim because the claim did not arise out of the same transaction or occurrence that was the subject matter of the first lawsuit between the parties. Appellant argues the first suit concerned only the foreclosure sale and the allegedly defective construction of the house, whereas the present action involves the promissory note.

1. The common law remedies of set-off and recoupment are included in the modern remedy of a counterclaim. *Edmonds v. Stratton,* 457 S.W.2d 228, 232 (Mo.App.1970).

Appellant's argument is not supported by the law in Missouri.[2] In the recent decision of *Belote v. McLaughlin,* 673 S.W.2d 27 (Mo. banc 1984), our Supreme Court held recovery on a promissory note was barred by failure of the holder of the note to assert it as a counterclaim in an earlier suit filed by the makers of the note for damages for defective construction.

The failure of a party to bring a claim on a promissory note as a counterclaim against a third-party petition also was held to bar a later claim on the note in *Harris v. Nola,* 537 S.W.2d 636 (Mo.App.1976). The court's opinion stated the term "transaction" in Rule 55.32(a) is intended to include all facts and circumstances constituting the foundation of the claim and shall be applied so as to bring all logically related claims into a single litigation. *Id.* at 639.

Applying those principles to the present case, we find the facts and circumstances that constitute appellant's claim on the promissory note are the same as those that constituted the foundation of respondents' first suit. In the first suit, respondents sought to enjoin and then to set aside the foreclosure sale initiated by appellant *as a result of* the default on the promissory note. Respondents also sought damages against Custom Builders Corporation for allegedly defective construction of a house. Respondents had alleged Westoak was a shell corporation disbursing money to Custom Builders Corporation under the promissory note at issue.

In summary, appellant's claim on the note was part of the original transaction at issue in the first suit between these parties and should have been asserted as a counterclaim. The "piecemeal submission" of appellant's claims cannot be permitted. *Colley v. Commercial Credit Equipment Corp.,* 565 S.W.2d 713 (Mo.App.1978). Appellant's failure to file a counterclaim in the first suit barred any subsequent action on the note.

We need not address appellant's next point, which argues the suit was not barred by res judicata or collateral estoppel. Our holding that appellant's claim was barred by the failure to assert a compulsory counterclaim is fully dispositive of this appeal. Accordingly, the judgment is affirmed.

CRIST, P.J., and SIMON, J., concur.

**2.** We have considered the federal case of *Pension Fund of Christian Church v. Younge,* 74 F.R.D. 155 (E.D.Mo.1977) cited by appellant and do not find it to be persuasive under the facts of the present case.