## EDMOND H. SENTENNE, Respondent, v. HORACE R. KELLY, Appellant.

*Construction of contract — " as soon as possible" implies greater celerity than " in a reasonable time"—a witness cannot give an opinion as to what is " as soon as possible."*

Where a contract provided that certain signs were to be manufactured "as soon as possible," this implies their completion sooner than in a "reasonable time."

A witness was asked, having in view the contract, state what you consider "as soon as possible." This was excluded.

*Held*, proper.

What is a "reasonable time," and what is "as soon as possible," are questions of law for the court.

APPEAL by the defendant Horace R. Kelly from a judgment, entered in the clerk's office of the county of New York on the 22d day of May, 1889, in favor of plaintiff for, and from so much of

two orders, entered in said office on the 20th day of May, 1889, as denied the motion of defendant for a new trial.

*George Oppenheim*, for the appellant.

*Henry B. B. Stapler*, for the respondent.

O'BRIEN, J.:

This action was brought to recover $1,431.90, for breach of the following contract:

"NEW YORK, *April* 27, 1887.

"NEW YORK SAND BLAST WORKS:

"You are authorized to manufacture for us Fifteen hundred (1,500) embossed glass signs, size, 7 × 9, framed in like sample, and worded as follows, to wit:

\*        \*        \*        \*        \*        \*

"Eight hundred to be delivered *as soon as possible*, balance within eighteen months, for which we agree to pay two thousand dollars ($2,000.00) for 1,500 signs.   \*   \*   \*

(Signed.)        "HORACE R. KELLY & CO."

The defenses interposed were that the signs delivered were not like sample and were not delivered within the time as called for by the contract. As to the first defense there was conflicting evidence as to whether or not the signs delivered were like the sample, and while some fault might be found with the admission of evidence under objection, of one of plaintiff's witnesses as to the difficulty in obtaining in the market the leather back similar to the sample, the injury thereby done would not be sufficient to call for the reversal of the judgment based upon a verdict which, upon all the facts relating to this issue, the jury found adverse to defendant. To entitle plaintiff to recover it was incumbent to show that the goods were delivered "as soon as possible," so as to be within the terms of the contract. As the exceptions taken to the judge's charge and to the exclusion and admission of testimony are to be determined by the consideration of what was meant by this expression "as soon as possible," it is necessary at the outset to have this phrase defined.

In *Atwood* v. *Emery* (1 C. B. R. [N. S.], 113), it was said "the expression is one that is susceptible of several different significations."

In that case CRESWELL, J., says: The case has been argued "upon

an assumption that the plaintiff's engagement was to execute the work with more speed than would have been required had the words been "within a reasonable time;" * * * if the defendant had intended to have the hoops within a limited time he should have taken care to express himself accordingly. I think this contract means no more than a reasonable time, regard being had to the plaintiff's facilities and extent of business, and to the contracts he already had on hand."

In that same case CROWDER, J., says: "The words 'as soon as possible' clearly meant 'as soon as you possibly can.' Nor can I understand how it can reasonably be suggested that either party contemplated that the plaintiffs were to put aside any other engagements, in order that this particular one should be performed. If the defendant had desired to have the goods by a limited time, he should have taken care to have given a more limited order."

In the *Hydraulic Engineering Company* v. *McHaffie and others* (29 English Rep. [Moak's Notes], p. 102) the case of *Atwood* v. *Emery* (*supra*) was examined and criticised. BRAMWELL, L. J., says: "To do a thing 'as soon as possible' means to do it within a reasonable time." In *Atwood* v. *Emery* the expressions of eminent judges seem to favor a different view as to the construction of the words "as soon as possible." I quite agree that a manufacturer or tradesman is not bound to discard all other work for the occasion, in order to take in hand a thing which he promises to do "as soon as possible;" for instance, a tailor who accepts an order to make a coat "as soon as possible" need not put down a half-made vest in order to begin the coat; every customer knows at the time of giving the order that the manufacturer or tradesman may have other orders on hand; and I do not think that *Atwood* v. *Emery* goes further than this. * * * If, however, it is an authority in favor of the defendants, I cannot agree with it. In construing the contract in the present case, I think it would be utterly unreasonable to hold that the defendants were not bound to deliver the 'gun' until the state of affairs in their work-shop should allow them to do so; the defendants ought not to have undertaken to make it, unless they were certain that they could carry out their contract."

In the same case, COTTON, L. J., says: "By the words 'as soon as possible' the defendants must be taken to have meant, that they

would make the 'gun' as quickly as it could be made in the largest establishment with the best appliances. I do not think that these words can be taken to mean that the defendants merely promised to make the "gun" as quickly as the means at their disposal might allow." In *Duncan* v. *Topham* (8 C. B. R., 225, 105 N. Y., 412), where the contract was to send five tons of oil cake to be delivered directly, a verdict in favor of the plaintiff was reversed because the judge charged that the meaning of the contract was, that the goods should be sent as soon as practicable, and if, on the evidence, there had been a delivery, or offer to deliver, within a reasonable time, they should find for the plaintiff. It was therein held that "a reasonable time" means a somewhat more protracted time than directly.

There is, of course, a distinction between "directly" and "as soon as possible;" and the only purpose of referring to that case is to show that expressions such as "directly" or "as soon as possible" are not synonymous with, nor do they mean the same thing as, "a reasonable time."

In Parsons on Contracts (vol. 2 [7th ed.], p. 661, foot paging 794) it is said: "If the contract specifies no time, the law implies that it shall be performed within a reasonable time, and will not permit this implication to be rebutted by extrinsic testimony going to fix a definite term, because this varies the contract. What is a reasonable time is a question of law." In Addison on Contracts (vol. 2, p. 1188), where a number of authorities are cited, the rule is thus stated: "A contract to do a particular thing 'directly,' 'or as soon as possible' or 'forthwith,' does not mean that it is to be done *instanter*, but there must be no delay in performance; and such a contract requires a much more speedy fulfillment than a contract to do a thing within a reasonable time." These authorities are sufficient for the statement that, unless the expression "as soon as possible" meant a greater celerity than a "reasonable time," then they were utterly superfluous in the contract. For, as we have seen, if no time is specified, the law implies that it is to be performed within a reasonable time. Applying the law as thus settled by text writers and in cases, to the questions presented by the exceptions, it remains to determine whether any error was committed sufficient to justify a reversal.

Taking the judge's charge as a whole, I do not think any fault can

be found therewith; for though he defines the words "as soon as possible" as synonymous with "a reasonable time," he qualifies the latter expression in such a way as to bring it within the rule so that the jury were correctly instructed with regard to plaintiff's duty in reference to delivering the signs with all possible expedition. In other parts of the case, however, we do not find the same care observed, and notwithstanding the objection made by the defendant, the court and the plaintiff treated the expression "as soon as possible" as synonymous with "a reasonable time." Thus, in folio 96, the plaintiff asked the witness, "What, in your opinion, would be a reasonable time for the making and delivering and framing of 800 embossed signs such as I show you?" This question is faulty in two respects, first, as calling for an opinion upon a question which the court had ruled was a question of law, and, secondly, as assuming that "a reasonable time" and "as soon as possible" were one and the same expression. The same fault is to be found with the questions asked by plaintiff as they appear upon page 34 of the printed record. These questions directly pointed to one of the main issues about which the parties were contending, and while it would have been proper to have allowed witnesses who were competent by reason of their experience to state how long it would have taken to manufacture the signs, this would not, as the question asked and answered did, intrench upon the province of the jury. (*Guttwillig* v. *Zuberbier*, 41 Hun, 365.) The latter, under the instructions of the court as to the construction to be given to the contract, were to determine what these witnesses were allowed to conclude, viz., whether the delivery was made in time.

The defendant's grievance in respect to this testimony is accentuated when we refer to a similar question asked by the defendant which in all respects was like those admitted on plaintiff's behalf, except that instead of using the phrase "a reasonable time" the one used was that of the contract, namely, "as soon as possible." This question, to be found at folio 59, was as follows: "Your contract was 800 signs to be delivered as soon as possible. The date is April 27th. State what you consider 'as soon as possible.'"

This question was objected to as being a question of law and the objection was sustained and defendant excepted. It will thus be seen that while we agree with the excluding of the last question, it seems but proper that where the same questions were asked and

answered, in favor of the plaintiff, that a similar rule at least should have been applied in favor of the defendant, and the testimony so objected to should have been excluded.

· These errors cannot be regarded as immaterial, because they went to the whole gist of the action. And upon a reading of the whole case it is evident that the confusion introduced relative to plaintiff's duty in respect to time of delivery must necessarily have prejudiced the defendant. In *Brady et al.* v. *Cassidy* (104 N. Y., 148) it was held that "when the terms and language of a contract are ascertained, in the absence of technical phrases or of terms the meaning of which is obscure, or of latent ambiguities, rendering the subject-matter of the contract uncertain and doubtful, the office of interpreting its meaning belongs to the court." (See, also, *Dwight* v. *Germania Life Insurance Company,* 103 N. Y., 353.)

The language used in this contract was neither ambiguous nor technical, and the construction thereof was for the court, and not for the witnesses. We are unable to reconcile the rulings made for and against the plaintiff." "An unequal application of the rules of evidence offered by one party and excluding evidence of the same character on the same point offered by the other is good ground of reversal." (*Holten* v. *Holten*, 5 Week. Dig., p. 14.) It is unnecessary, therefore, to consider the other questions raised upon this appeal, as the judgment must, for the reasons stated, be reversed and a new trial had, with costs to defendant to abide the event.

Van Brunt, P. J. :

I concur in the result. It does not appear that adjudications can alter the import of plain words in a contract. It seems to me that the fact that as, without any words of expedition in the contract, the plaintiffs would have been bound to furnish the goods within a reasonable time, the addition of such words show conclusively that the parties had in mind something in addition to what the law implied. "Within a reasonable time" seems to mean within such time as it can be done, following the ordinary course of business. "As soon as possible" seems to mean as soon as can be done, using the greatest diligence.

Daniels, J., concurred.

Judgment reversed and new trial ordered, with costs to defendant to abide event.