## HAWKINS *v.* STUDDARD.

A contract, the legal import of which is that it shall be performed "presently," means, not that it may be performed "within a reasonable time," but that it must be performed "immediately, now, at once."

(*a*) Applying this rule to the facts of the present case, the purchaser of the land in question was not entitled to specific performance of the contract.

AUGUST 21, 1911.

Petition for specific performance. Before Judge Lewis. Morgan superior court. February 17, 1910.

*George & Anderson* and *F. C. Foster,* for plaintiff in error.

*Samuel H. Sibley* and *Q. L. Williford,* contra.

FISH, C. J. This is the second appearance of this case before the Supreme Court. See 132 *Ga.* 265, where a statement of the facts is given. Hawkins contracted to sell to Studdard a described parcel of land, and executed the following receipt: "Rutledge, Ga., Apr. 15, 1905. Received of John F. Studdard, twenty-five dollars closing purchase of the Hanleiter place containing 187.6 acres one tract, and one 4 acres more or less, at $15.00 per acre." When the case was formerly here it was ruled that this receipt con-

tained the entire contract, and that the legal import of the contract was that the balance of the purchase-money was to be paid presently, and that a mere parol agreement of the parties to the writing, made subsequently to its execution and delivery, fixing a subsequent specified time for the balance of the purchase-money to be paid, was not admissible to illustrate the time within which the balance was to be paid. Upon the second trial an amendment to the 5th paragraph of the petition was allowed, over the objection of the defendant that it sought by parol to add to or vary the terms of the written contract, which was required by the statute of frauds to be in writing; which amendment was as follows: "On the afternoon said sale was made and presently thereafter, plaintiff, being ready and willing to make full payment for said land, so informed defendant, who requested plaintiff to delay payment until December 1st; accordingly, on December 1, 1905, plaintiff tendered to defendant, in lawful money, all that was due him on said land as aforesaid, which tender was refused and declined. Plaintiff owed defendant no interest, because defendant, by plaintiff's consent, had occupied said premises for the year 1905, and the use of them was worth more than the interest on the purchase-price." As it did not affirmatively appear from this amendment that the transaction therein set forth was in parol, the court did not err in allowing it. *Crovatt* v. *Baker,* 130 *Ga.* 507 (3), 512 (61 S. E. 127). This is on the theory that the amendment sought to set out a written agreement between the parties, extending the time for the payment of the balance of the purchase-money. The allegations of the amendment were not, however, sufficient to constitute a tender by Studdard of the balance of the purchase-price for the land. Taking the facts set out therein to be true, there was no offer on the part of Studdard, although it was alleged that he was ready and willing to do so at the time indicated in the amendment, to pay the balance of the purchase-money. As there was no offer on his part to pay, there was, of course, no refusal on the part of Hawkins to accept. What is stated in the amendment, in effect, amounts only to an agreement between the parties to postpone the payment of the balance of the purchase-money until December 1st, following. This being true, it was merely an attempt by a parol agreement to change the terms of the contract as to the payment of the balance of the purchase-money, and was futile,

as this court formerly ruled in this case. See also *Willis* v. *Fields*, 132 *Ga.* 242 (63 S. E. 828). Of course, if the agreement had been in writing, it might have been effective. The evidence shows that the transaction set out in the amendment was wholly in parol. As previously ruled in this case, as already herein indicated, the balance of the purchase-money, under the contract, was to be paid "presently." The word "presently" has been defined in the law dictionaries, as follows: "Immediately; now; at once." Black; Cyclopedic; English; Anderson; Rapalje & Lawrence. Webster's International Dictionary defines the meaning of "presently" to be, "At once; without delay; forthwith; also, less definitely, soon; shortly; before long; after a little while; by and by." The evidence fails to disclose any act or conduct on the part of the defendant, Hawkins, which tended to prevent or deter the plaintiff, Studdard, from tendering the balance of the purchase-money "presently," as required by the contract. According to the evidence, the only tender made by Studdard was on December 1, 1905, seven months and a half after the making of the contract under which the balance of the purchase-money was to be paid "presently." Certainly this length of time can not be said, in the circumstances and under the undisputed evidence in the case, to have been "presently," and in compliance with the contract.

As the balance of the purchase-money was to be paid "presently," the doctrine of reasonable time for making such payment was not applicable to the case. The same rule which prevails in a cash transaction, applies, in this respect, to this case. "Time is not generally of the essence of a contract; but by express stipulation or reasonable construction, it may become so." Civil Code (1895), § 3675 (8); Ib. (1910), § 4268 (8). There was no contemplation of credit by the parties to the contract in the present case, the payment of the balance was a condition precedent to the sale, and the time of payment being "presently" was necessarily of the essence of the contract; and as Studdard failed to comply with this condition precedent in accordance with the contract, Hawkins was not bound to carry out his part of the contract, and Studdard was not entitled to specific performance. In 1 Addison on Contracts (Morgan's ed.), § 320, it is said, "A contract to do a particular thing 'directly,' or 'as soon as possible,' or 'forthwith,' does not mean that it is to be done instanter; but there must be

no delay in performance; and such a contract requires a much more speedy fulfillment than a contract to do a thing within a reasonable time. When a party covenants to pay money 'immediately on demand,' the word 'immediately' must receive a reasonable construction, so as to allow the debtor time to procure the money; and, if the demand is not made by the creditor himself, to inquire into the authority of the person making it." See also, in this connection, Sentenne v. Kelly, 59 Hun, 512 (13 N. Y. Supp. 529); Lewis v. Hojer, 41 N. Y. St. Rep. 617 (16 N. Y. Supp. 534); Tobias v. Lissberger, 105 N. Y. 410 (59 Am. R. 509). In none of the cases cited and relied on by counsel for the defendant in error, wherein the doctrine of reasonable time as to the payment of purchase-money was applied, did it appear that such payment was, under the contract, to be made "presently," but in all of them credit was given, and it could be well inferred from the facts that the day fixed for performance was, in accordance with the intention of the parties, named merely in order to secure performance within a reasonable time; and therefore equity would not refuse to enforce the contract if the promise required to be so performed was performed within a reasonable time.

In what has been said, we have in effect passed on all the grounds of the motion for a new trial of a controlling nature. Under the facts of the case and the law applicable thereto, Studdard was not entitled to specific performance of the contract, and the court erred in overruling the motion made for a new trial by Hawkins.

*Judgment reversed. Beck, J., absent. The other Justices concur.*