THE G. H. HAMMOND COMPANY, PLAINTIFF AND APPELLEE, *v.* DIEGO AGÜEROS & CO., LTD., DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action on a Contract.

No. 2504.—Decided May 31, 1922.

CONTRACT—COMMERCIAL SALES—DELIVERY OF GOODS—REASONABLE TIME—BURDEN OF PROOF.—When no time is fixed for the delivery of goods sold, the delivery must be made within a reasonable time.   When words like "as soon as possible," etc., are used, they do not mean that the shipment must be made on the same day, or the next day, or so on, but that the shipment must be made with a despatch to an extent greater, and in some cases very much greater, than the reasonable time required when the contract is silent on the subject of the time.   When the words "as soon as possible" are used in a contract the effect of the decisions is, to a large extent, that time is of the essence of the contract, with the burden of proof of performance on the seller.

ID.—ID.—ID.—ID.—DELAY.—When the question involved is whether or not the delivery of the goods sold was made "as soon as possible" the court must determine as a question of fact or as a mixed question of law and fact whether under all the circumstances there was an unreasonable delay in the delivery of the goods.

ID.—ID.—CUSTOM.—Proof of a custom of trade is admissible to show the inter-
pretation to be put on particular words of a contract.

ID.—ID.—REASONABLE DELAY.—In this case, where the parties had been dealing
with each .other for years and had suffered delays of 20 days in shipments
of goods sold to the defendant, the first shipment on an order for delivery
"as soon as possible" was made 28 days after the contract was signed.
*Held:* That the delay of 8 days more than delays previously suffered is not
unreasonable unless some peculiar condition is shown by which it becomes
necessary for the purchaser to have the goods earlier.

The facts are stated in the opinion.

*Messrs. Soto Gras & Siaca* for the appellant.

*Messrs. Charles Hartzell* and *F. Ramírez de Arellano*
for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The parties to this suit entered into the following con-
tract:

"Sold to Messrs. Diego Agüeros & Co. of San Juan, fifty (50)
cases of pure 'El Cerdo' lard, 4/25 pounds, at $39.30 cost, freight
and insurance San Juan. Two shipments each fortnight from the
shipping point, first shipment as soon as possible. Subject to all
risks of land and maritime transportation.—San Juan, P. R., July
26, 1919.—The G. H. Hammond Co.—(Signed) S. Ramírez & Co.,
Agents.—D. Agüero & Co."

In alleged pursuance of this contract the complainants,
shipped 25 boxes of lard on the 23d day of August, 1919,
and the second shipment was made on the 5th of September,
1919, both consigned to this city. In other words, the first
shipment was made 28 days after the signing of the contract
and the question arose whether the shipment or shipments
made by the complainants were a compliance with the terms
of the contract which required that the first shipment should
be "as soon as possible." The complainants sued for the
price and the court below rendered judgment for them.

We have considered the following authorities and deci-
sions as to the meaning of words like "forthwith," "as soon
as possible," "immediately," "directly," and the like, when
put into a contract for the delivery of goods: *Claus Shear*

*Co.* v. *Lee Hardware House,* 6 A. & E. Ann. Cas. 243; *Hydraulic Engineering Co.* v. *McHaffic Coslett & Co.,* 23 Eng. Ruling Cases 561, and cases; *Tobias* v. *Lissberger,* 12 N. E. 15, 59 A. R. 509; *Sentenne* v. *Kelly,* 59 Hun, 512; *Lewis* v. *Hojer,* 16 N. Y. S. 534; *Hawkins* v. *Studdard,* 136 Ga. 727; *Arthur* v. *Wright,* 57 Hun, 22; *Bowser* v. *Arkinson,* 161 Mo. App. 450, and cases; *Sunshine Cloak & Suit Co.* v. *Roquette,* L. R. A. 1916 E, 932, and notes; 23 R. C. L. 1370; 13 C. J. 583; 9 C. J. 779. The state of the law to be deduced from these cases is more or less as follows: When no time is fixed for the delivery of goods the delivery must be made within a reasonable time. When words like "as soon as possible," etc., are used, they do not mean that the shipment must be made on the same day or the next day or so on, but that the shipment must be made with a despatch to an extent greater, and in some cases very much greater, than the reasonable time required when the contract is silent on the subject of the time. When the words "as soon as possible" are used in a contract the effect of the decisions is to a large extent that time is of the essence of the contract.

The failure to fix a definite time is as found by the court below to a certain extent in favor of the seller. On the other hand there must be no undue delay by the seller and we agree with the appellants that the burden of proof is on the seller to show a performance of the contract. In other words, that there was a delivery as soon as possible in the more or less accepted understanding of the words "as soon as possible," or as understood by the parties.

Some of the earlier cases are reviewed in *Claus Shear Co.* v. *Lee Hardware House, supra.* The court, after discussing the meaning of the words "forthwith," immediately," etc., says: "Such terms never mean the absolute exclusion of any interval of time but mean only that no un-

reasonable length of time shall intervene before performance," citing authorities. Then the court goes on to say: "Whether the determination of what is a reasonable time is a question of law for the court or of fact for the jury is a matter upon which there is much conflict of authority." The court held finally that it was a mixed question of law and fact. In a note to the foregoing case it is shown that in a comparatively small number of cases it has been assumed without special discussion that the question was one of law, but in a much larger number of decisions, as in the reported case, the question has been one of fact for the jury.

Section 1095 of the Civil Code reads as follows:

"Sec. 1095.—Should the obligation not fix a period, but it can be inferred from its nature and circumstances that there was an intention to grant it to the debtor, the courts shall fix the duration of the same.

"The court shall also fix the duration of the period when it may have been left to the will of the debtor."

While this section refers to debtors, it has been applied to obligations in general and it would seem that the question of what is a reasonable time is more or less a matter of fact for the court. We are inclined to the view that in a case like the present the court is bound to determine, as a question of fact or as a mixed question of law and fact, whether under all the circumstances there was an unreasonable delay in delivery of the goods.

The appellees in the court below introduced evidence tending to show a custom whereby a delivery within thirty days was to be considered as a compliance with the use of the words "as soon as possible" in a contract for the delivery of goods. The defendant objected to the admission of this proof on the ground that no special custom was alleged in the complaint. But we rather incline to the view that proof of a custom of trade is admissible to show the interpreta-

tion to be put on particular words of a contract. And this is a deduction we make from sections 1210, 1211 and 1254 of the Civil Code, Article IV, Expert Evidence, as follows:

"Sec. 1210.—This kind of evidence may only be made use of when, in order to weigh the facts, scientific, artistic, or practical knowledge is necessary or advisable.

"Sec. 1211.—The value of this evidence and the form in which it is to be given are the subjects of the provisions of the Law· of Civil Procedure.

"Sec. 1254.—The uses or customs of the country shall be taken into consideration in interpreting ambiguity in contracts, supplying in the same the omission of stipulations which are usually included."

And also sections 29 and 35 of the Law of Evidence:

"Sec. 29.—The terms of a writing are presumed to have been used in their primary and general acceptation, but evidence is nevertheless admissible that they have a local, technical, or otherwise peculiar signification, and were so used and understood in the particular instance, in which case the agreement must be construed accordingly.

"Sec. 35.—In conformity with the preceding provisions, evidence of the following facts may be given upon a trial:

\*        \*        \*        \*        \*        \*        \*

"10. Usage, to explain the true character of an act, contract, or instrument, where such true character is not otherwise plain; but usage is never admissible, except as an instrument of interpretation."

There was some evidence tending to a certain small degree to show a custom, but we agree with the appellants that no very general custom of the kind claimed by the complainant was shown, and we should feel bound to hold that the complainant failed to prove a general custom. Likewise, we are somewhat in doubt as to whether the testimony of these witnesses, although they were merchants or experts in the handling of shipping matters, was entirely competent to show that the time of delivery was or was not unreasonable. The evidence was admissible, but failed to prove a general custom.

We base our affirmance of this judgment on the relations between the parties themselves and their understandings, and hold that the delivery was not an unreasonable one under all the circumstances. The contract itself called for a first delivery as soon as possible. One of the defendants took the stand to say that, given the fluctuations in the market, he would not have entered into this contract if he thought delivery would extend to or be as long as thirty days, but he immediately admits, and the answer admits, that a first shipment within twenty days would have been considered sufficient. The second shipment, therefore, might be made fifteen days later. So that the parties themselves contemplated a second shipment of fifty per cent of the goods which might be extended over thirty days. The answer set up that in all the previous contracts between the complainant and the defendants the conduct observed by the complainant was to make the shipments at the utmost limit of twenty days subsequent to the signing of the contract. Some of such contracts offered in evidence showed that the same words "as soon as possible" were contained in these previous writings. The contract shows that the shipments were to be made fifteen days apart and from this it may be deduced that both of the parties knew that the shipping house would not or could not fulfill the whole order on the day of its acceptance, but needed more time. The first shipment was made twenty-eight days after the contract was signed. The second shipment was made thirteen days thereafter. For some unexplained reason the first shipment arrived in San Juan on the 25th of September, but the second arrived on the 28th. We think under these circumstances that the court below was justified in finding that there was no unreasonable delay in the performance of this contract. Where the parties have been dealing with each other for years and have suffered delays of twenty days in shipments, where several

shipments are to be made, we find that it is not unreasonable to delay a week or eight days more in the shipment, unless some peculiar condition is shown by which it becomes necessary for the purchaser to have the goods earlier. Something of this kind appears as a fact in some of the foregoing cases where the courts have decided that periods of time shorter than thirty days were not a shipment made as soon as possible, there appearing that something was involved whereby the necessities of the purchaser or otherwise reasonably called for a prompter shipment.

The appellants also assign error because of the imposition of storage, insurance against fire, interest and costs. This is a case which has been affirmed not without doubts. While there are indications in the record that the parties submitted the principal question to a sort of arbitration and the appellant refused to abide by it, yet, considering the authorities and the facts, the court feels that there was no great degree of blame from a legal standpoint in defending this suit. Furthermore, the record discloses that the appellee at the trial disclaimed any intention of recovering the storage, insurance and, verbally at least, the costs as well.

Under these circumstances the judgment must be affirmed in so far as it awards the complainants the amount sued for and reversed in so far as it awards insurance, storage and costs.

*Affirmed in part.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.