G. H. HAMMOND COMPANY, DEMANDANTE Y APELANTE, *v.* DIEGO AGÜEROS & Co., S. EN C., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre incumplimiento de contrato.

No. 2504.—Resuelto en mayo 31, 1922.

COMPRAVENTA—ENTREGA DE LA COSA VENDIDA—INTERPRETACIÓN DEL TÉRMINO ''LO MÁS PRONTO POSIBLE.''—Cuando no se fija fecha para la entrega de efectos vendidos, dicha entrega debe hacerse dentro de un tiempo razonable. Cuando se usan palabras como éstas: ''lo más pronto posible,'' etc., no significan éstas que el envío ha de hacerse el mismo día, o al día siguiente, o así sucesi-

vamente, sino que ha de hacerse con una prontitud que en cierto modo es mayor y en algunos casos mucho mayor que el tiempo razonable exigido cuando en el contrato nada se dice sobre la cuestión del tiempo. Cuando las palabras "lo más pronto posible" se emplean en un contrato, el efecto de las decisiones es en gran parte que el tiempo es parte esencial del contrato, correspondiendo la prueba de su cumplimiento al vendedor.

Id.—Id.—Demora en la Entrega de Efectos Vendidos.—Cuando la cuestión envuelta es si la entrega de los efectos vendidos se hizo o no "lo más pronto posible," la corte está obligada a resolver como cuestión de hecho o como cuestión mixta de derecho y de hecho si bajo todas las circunstancias hubo una demora irrazonable en verificar la entrega de los efectos.

Id.—Prueba de la Costumbre.—La prueba de la existencia de una costumbre en el negocio es admisible para probar la interpretación que ha de darse a ciertas palabras de un contrato.

Id.—Demora Razonable en la Entrega de Efectos Vendidos.—En el presente caso en que las partes habían estado negociando durante años y sufrido demoras de 20 días en los embarques de efectos vendidos a la demandada el primer embarque de una orden para entregar "*lo más pronto posible*" se hizo después de 28 días de firmado el contrato. *Se resolvió:* que la demora de 8 días más sobre demoras toleradas en otras ocasiones no es irrazonable, a menos que alguna condición peculiar se acredite por la cual se haga necesario para el comprador tener antes la mercancía.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Soto Gras & Siaca.*

Abogados de la apelada: *Sres. Chas. Hartzell* y *F. Ramírez de Arellano.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Las partes en este pleito celebraron el siguiente contrato:

"Vendimos a los Sres. Diego Agueros & Co., San Juan, cincuenta (50) cajas manteca pura 'El Cerdo.' 4/25 libras, a $39.30 costo, flete y seguro San Juan. Dos expediciones quincenales del punto de origen, primera expedición lo más pronto posible. Sujeto a toda contingencia del tráfico terrestre y marítimo. San Juan, P. R., Julio 26, 1919. The G. H. Hammond Co. (Firmado) S. Ramírez & Co., Agentes. D. Aguero & Co."

En supuesto cumplimiento de este contrato los demandantes remitieron 25 cajas de manteca el día 23 de agosto, 1919, y la segunda expedición la hicieron en 5 de septiembre, 1919, ambas consignadas a esta ciudad. En otras palabras, la primera expedición se hizo 28 días después de firmarse

el contrato y surgió la cuestión de si la expedición o expediciones hechas por los demandantes cumplían con los términos del contrato, el cual exigía que la primera expedición debía hacerse "lo más pronto posible". Los demandantes establecieron esta acción en reclamación del importe del precio y la corte inferior dictó sentencia a su favor.

Hemos considerado las siguientes autoridades y decisiones en cuanto al significado de palabras semejantes a "en seguida" (*forthwith*), "lo más pronto posible" (*as soon as possible*), "inmediatamente" (*immediately*), "directamente" (*directly*), y otras por el estilo cuando entran a formar parte de un contrato para entrega de efectos: *Claus Shear Co.* v. *Lee Hardware House*, 6 A. & E. Ann. Cas. 243; *Hydraulic Engineering Company* v. *McHaffic Goslett & Co.*, 23 Eng. Ruling Cases 561 y casos; *Tobias* v. *Lissberger*, 12 N. E. 15, 59 A. R. 509; *Sentenne* v. *Kelly*, 59 Hun. 512; *Lewis* v. *Hover*, 16 N. Y. S. 534; *Hawkins* v. *Studdard*, 136 Ga. 727; *Arthur* v. *Wright*, 57 Hun. 22; *Bowser* v. *Arkinson*, 161 Mo. App. 450 y casos; *Sunshine Cloak & Suit Co.* v. *Roquette*, L. R. A. 1916, E. 932 y notas; 23 R. C. L. 1370; 13 C. J. 583; 9 C. J. 779. La condición de la ley que ha de inferirse de estos casos es más o menos como sigue: cuando no se fija fecha para la entrega de los efectos dicha entrega debe efectuarse dentro de un tiempo razonable. Cuando se usan palabras como éstas "lo más pronto posible," etc., no significan éstas que el envío ha de hacerse el mismo día, o al día siguiente, o así sucesivamente, sino que ha de hacerse con una prontitud que en cierto modo es mayor y en algunos casos mucho mayor que el tiempo razonable exigido cuando en el contrato nada se dice sobre la cuestión del tiempo. Cuando las palabras "lo más pronto posible" se emplean en un contrato, el efecto de las decisiones es en gran parte que el tiempo es parte esencial del contrato. La omisión en fijar una fecha definida está, como declaró la corte inferior, en cierto modo en favor del vendedor. Por otra

parte no debe haber demora indebida por parte del vendedor y convenimos con los apelantes que el peso de la prueba incumbe al vendedor para demostrar el cumplimiento del contrato; en otras palabras, que hubo una entrega lo más pronto posible según la interpretación más o menos aceptada de las palabras "lo más pronto posible," o como fueron entendidas por las partes.

Algunos de los primeros casos se revisaron en el de *Claus Shear Company* v. *Lee Hardware House, supra.* La corte después de discutir la significación de las palabras "en seguida" (*forthwith*), "inmediatamente" (*immediately*), etc., se expresó como sigue: "Tales palabras jamás indican una absoluta exclusión de ningún intervalo de tiempo sino que significan únicamente que no mediará ningún lapso de tiempo irrazonable antes del cumplimiento," citando autoridades. La corte entonces prosigue: "La cuestión de si la determinación de lo que es un tiempo razonable es un punto legal para la corte o de hecho para el jurado, es una cuestión acerca de la cual existe gran conflicto de autoridades." La corte resolvió finalmente que era una cuestión mixta de ley y de hecho. En una nota al caso anterior se dice que en un número de casos relativamente pequeño se ha aceptado sin discusión especial que la cuestión era de derecho, pero en un número mucho mayor de decisiones, como en el caso reportado, la cuestión ha sido de hecho para el jurado.

El artículo 1095 del Código Civil prescribe lo siguiente:

"Si la obligación no señalare plazo, pero de su naturaleza y circunstancias se dedujere que ha querido concederse al deudor, los tribunales fijarán la duración de aquél.

"También fijarán los tribunales la duración del plazo cuando éste haya quedado a voluntad del deudor."

Si bien este artículo se refiere a deudores, ha sido aplicado a obligaciones en general y parece que la cuestión de lo que es un tiempo razonable es más o menos de hecho para la corte. Nos inclinamos al parecer de que en un caso como

el presente la corte está obligada a resolver como cuestión de hecho o como cuestión mixta de derecho y de hecho si bajo todas las circunstancias hubo una demora irrazonable en verificar la entrega de los efectos.

La apelada en la corte inferior presentó prueba tendente a establecer una costumbre por la cual la entrega dentro de treinta días había de considerarse como un cumplimiento con el uso de las palabras "lo más pronto posible" en un contrato para entrega de artículos. Los demandados se opusieron a la admisión de esta prueba por el fundamento de que no se había alegado una costumbre especial en la demanda. Pero nos inclinamos más bien al parecer de que la prueba de la existencia de una costumbre en el negocio es admisible para probar la interpretación que ha de darse a ciertas palabras de un contrato. Y esta es una deducción que hacemos de los artículos 1210, 1211 y 1254 del Código Civil, Sección 4ª. de la prueba de peritos, a saber:

"Artículo 1210.—Sólo se podrá utilizar este medio de prueba cuando para apreciar los hechos sean necesarios o convenientes conocimientos científicos, artísticos o prácticos.

"Artículo 1211.—El valor de esta prueba y la forma en que haya de practicarse, son objeto de las disposiciones de la Ley de Enjuiciamiento Civil.

"Artículo 1254.—El uso o la costumbre del país se tendrán en cuenta para interpretar las ambigüedades de los contratos, supliendo en éstos la omisión de cláusulas que de ordinario suelen establecerse."

Y también los artículos 29 y 35 de la Ley de Evidencia:

"Artículo 29.—Los términos de un escrito se presume que fueron empleados en su acepción primaria y general, pudiendo, sin embargo, admitirse evidencia de que tienen una significación local, técnica o peculiar, y que fueron así empleados y entendidos al redactarse el documento, en el cual caso deberá interpretarse el convenio de acuerdo con dicha significación.

"Artículo 35.—De conformidad con las precedentes disposiciones, podrá presentarse en un juicio evidencia de los hechos siguientes:

❋　　❋　　❋　　❋　　❋　　❋　　❋

"10. El uso o costumbre para explicar el verdadero carácter de un acto, contrato o documento, cuando este carácter verdadero no pudiese de otro modo esclarecerse; pero el uso nunca es admisible, excepto como medio de interpretación."

Hubo alguna prueba tendente en cierto modo a acreditar una costumbre, pero convenimos con los apelantes en que no se demostró ninguna costumbre muy general como la alegada por el demandante, y nos sentimos obligados a declarar que el demandante no probó una costumbre general. Tenemos asimismo alguna duda en cuanto a si las declaraciones de estos testigos aunque eran comerciántes o peritos en el manejo de artículos de embarques, eran enteramente pertinentes para probar que la fecha de la entrega fué o no razonable. La prueba era admisible pero no estableció una costumbre general.

Basamos la confirmación de esta sentencia en las relaciones existentes entre las partes mismas y el entendimiento de éstas, y sostenemos que la entrega no era irrazonable consideradas todas las circunstancias. El contrato mismo exigía una primera entrega lo más pronto posible. Uno de los demandados fué a declarar para decir que dadas las fluctuaciones en el mercado él no hubiera celebrado este contrato si hubiera creído que la entrega se prorrogaría o llegaría a alcanzar a treinta días, pero admite el testigo inmediatamente, y se admite en la contestación, que una primera expedición dentro de veinte días se hubiera considerado suficiente. La segunda expedición por tanto pudo hacerse 15 días después. De manera que las partes mismas tenían presente una segunda expedición de cincuenta por ciento de los efectos, la cual podía prorrogarse a más de treinta días. Se alega en la contestación que en todos los contratos anteriores entre el demandante y los demandados la conducta observada por el demandante fué hacer los embarques dentro del límite máximo de veinte días después de firmado el contrato. Algunos de tales contratos ofrecidos como prueba

mostraban que las mismas palabras "lo más pronto posible" aparecían en estos documentos anteriores. El contrato expresa que los embarques habían de hacerse quincenalmente y de esto puede inferirse que ambas partes sabían que la casa embarcadora no cumpliría o podía cumplir con toda la orden en el día de su aceptación sino que necesitaba más tiempo. El primer embarque se hizo veinte y ocho días después de haber sido firmado el contrato. El segundo embarque fué hecho trece días después. Por alguna razón que no se explica la primera expedición llegó a San Juan en 25 de septiembre pero la segunda el día 28. Creemos bajo estas circunstancias que la corte inferior estuvo justificada al declarar que no hubo demora irrazonable en el cumplimiento de este contrato. Cuando las partes han estado en negociaciones unas y otras por años y han sufrido demoras de veinte días en los embarques cuando varios embarques han de hacersé, creemos que no es irrazonable demorar una semana u ocho días más en el embarque, a menos que alguna condición peculiar se acredite por la cual se haga necesario para el comprador tener ántes la mercancía. Algo así aparece como hecho en algunos de los anteriores casos en los cuales las cortes han resuelto que los períodos de tiempo de menos de treinta días no eran embarques hechos lo más pronto posible, apareciendo que algo había envuelto por lo cual las necesidades del comprador u otras cosas exigían razonablemente un embarque más pronto.

Los apelantes también alegan haberse cometido error en la imposición de gastos de almacenaje, seguro contra incendio e intereses y costas. Este es un caso que ha sido confirmado aunque no sin dejar de tener dudas. Si bien existen indicaciones en los autos de que las partes sometieron la cuestión principal a una especie de arbitraje y la apelante rehusó someterse a esto, sin embargo, considerando las autoridades y los hechos la corte cree que no hubo gran grado de culpa desde un punto de vista legal en defender este

pleito. Además, los autos revelan que la apelada negó en el juicio toda intención de cobrar el almacenaje, seguro y por lo menos oralmente también las costas.

Bajo estas circunstancias debe confirmarse la sentencia en tanto ordena se pague a la demandante el importe de la suma reclamada en la demanda y revocarse en cuanto a la condena de seguros contra incendio, gastos de almacenaje y costas.

> *Confirmada la sentencia apelada en cuanto al pago de la suma reclamada y revocada en cuanto a la condena de gastos de almacenaje, etc. y costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.