ZOILO FELIÚ, demandante y apelante, *v.* INDEPENDENCE INDEMNITY Co., demandada y apelada.

No. 5367.—*Sometido:* Marzo 19, 1931. *Resuelto:* Marzo 17, 1932.

NOTA: Véase el prefacio.

*Juan B. Soto,* abogado del apelante; *Besosa & Besosa,* abogados de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Zoilo Feliú demandó a la Independence Indemnity Co. en resarcimiento de daños y perjuicios con motivo de una colisión, riesgo contra el cual él alegaba estar asegurado bajo una póliza librada por la demandada. El caso fué a juicio y la corte, después de oír la prueba del demandante, declaró con lugar una moción de *nonsuit.*

Nadie duda en este caso, de conformidad con la decisión en el de *Calcerrada v. Am. R. R. Co.,* 35 D.P.R. 873, que no incumbe a la corte aquilatar la evidencia, sino que por regla general ésta debe meramente decidir si existe suficiente prueba para sostener la demanda. Algunas decisiones dudan que una corte, al presentársele tal moción, no pueda ignorar cierta prueba trivial o no creída por ella, pero esta cuestión no está envuelta en el presente recurso.

■ La corte resolvió muy acertadamente que la notificación del accidente podía hacerse dentro de un tiempo razonable aunque la póliza decía inmediatamente. Esta es la tendencia de varias decisiones de esta corte en que se trataba de la entrega de bienes. *Hammond & Co.* v. *Diego Agüeros & Co.*, 30 D.P.R. 610; *Topeka Flour Mills* v. *Sociedad Industrial*, 39 D.P.R. 622.

■■ Zoilo Feliú hacía negocios como Zoilo Feliú & Co. La póliza en este caso fué librada a favor de Zoilo Feliú & Co. La corte, pues, resolvió que la demanda no había sido probada. Convenimos con la corte inferior en que una acción sólo puede instituirse a nombre de la persona realmente interesada bajo la póliza. Parece que la corte tuvo la idea, y ésta es cuestión en que más insiste la apelada, de que si Zoilo Feliú hacía negocios bajo la razón social de Zoilo Feliú & Co., él debió haber informado a la compañía de seguros de este hecho. Sin embargo estamos plenamente convencidos de que las palabras Zoilo Feliú & Co. pueden describir una corporación, una sociedad en comandita, una compañía colectiva, o aun un individuo. El principio ha sido expresado en la siguiente forma bajo el título de *Nombres* en 45 C. J. 376, sección 12:

"Ordinariamente es cuestión de hecho si un nombre es el verdadero del individuo que lo usa o es uno ficticio o supuesto. Sin abandonar su verdadero nombre una persona puede, en ausencia de prohibición estatutoria, adoptar cualquier nombre, razón social o firma, enteramente distinto de su verdadero nombre, bajo el cual él puede hacer negocios, celebrar contratos, otorgar documentos negociables y demandar o ser demandado, a menos que lo haga con el propósito de defraudar a otros por un error de identidad, siendo la identidad del individuo lo que se considera, y no el nombre, que pueda llevar o asumir. Tal nombre supuesto o ficticio puede ser uno puramente artificial o un nombre perteneciente a personas naturales o que pueda ser aplicado a ellas; y el hecho de que sea el nombre de una persona que viva no hace que un documento otorgado bajo tal nombre sea el documento de la persona cuyo nombre se asume. Los contratos celebrados con tal nombre son válidos y obligatorios, siempre que no estén viciados de fraude, y su validez

en cuanto a terceros no depende de si la persona es tan bien conocida por el nombre supuesto como por su verdadero nombre, sino si en lo que a la transacción en cuestión se refiere, el nombre es usado de buena fe, por la persona que la adopta como una descripción *personae* . . . Se ha resuelto que una persona puede demandar y ser demandada en su verdadero nombre bajo un contrato celebrado en su supuesto nombre, sin alegar o probar un traspaso."

En el caso de *Romano* v. *Concordia Fire Insurance Co.,* 106 App. Div. 876, se resolvió que una póliza de seguros no era nula por no haberse hecho constar debidamente en la misma el nombre del asegurado. Véase también 47 C. J. 716, sección 113; y *Quiñones* v. *Porto Rico Biscuit Co.,* resuelto el 26 de febrero de 1932.

Lo que aparentemente sucedió en este caso fué que el demandante solicitó que la póliza de seguro fuese expedida a nombre de Zoilo Feliú & Co. La compañía libró la póliza en esa forma sin hacer ninguna investigación ulterior. Probablemente nunca se le ocurrió al asegurado que él estaba en la obligación de decir que hacía negocios bajo la razón social de Zoilo Feliú & Co., y la compañía de seguros no hizo indagación alguna. Un individuo está en libertad, conforme se ha indicado, de hacer negocios bajo cualquier nombre que desee y él no está dando una descripción falsa de sí mismo si usa su razón social. Las decisiones sostienen que es meramente una cuestión de identidad.

Durante el juicio hubo alguna duda respecto a si el accidente o choque había sido probado. Estamos de acuerdo con el apelante en que la contestación admitía el accidente. No hubo negativa suficiente de la alegación relativa al choque. La aseveración de que el accidente no fué casual se convirtió en materia de defensa. Ninguna de estas cuestiones fué resuelta en sentido contrario por la corte inferior.

No estamos seguros de que la corte dijera realmente que la prueba aducida por Zoilo Feliú no era suficiente para probar que él y Zoilo Feliú & Co. eran la misma persona. Evidentemente tal resolución hubiese sido errónea toda vez

que el demandante era un testigo hábil para probar la identidad de nombres.

██ Tenemos dudas sobre otro punto, a saber, respecto a si el demandante tenía derecho a indemnización, ya que la póliza presentada como prueba contenía un endoso que decía: "Cualquier reclamación bajo esta póliza será pagadera a los Sres. Sucrs. de L. Villamil & Co., por derecho hipotecario sobre el *truck* asegurado", suscrito por Z. Feliú & Co. y por Zoilo Feliú.

De conformidad con las decisiones de esta corte hay un punto sobre el cual no tenemos duda, de que aun si la póliza hubiese sido cedida, y el camión hipotecado, Zoilo Feliú continuó siendo el dueño de este último. *Montalvo* v. *Valdivieso,* 38 D.P.R. 545; *De Gracia* v. *Guardiola,* 38 D. P.R. 575. Nuestra duda consiste en si la compañía de seguros no tenía derecho a recibir aviso por lo menos de la existencia de este endoso. Esta es una cuestión que no nos proponemos resolver en este recurso. La póliza fué presentada en evidencia con este endoso, mas no se probó durante el juicio que Sucrs. de L. Villamil & Co. conservaran ningún interés efectivo en la misma. Existen varias posibilidades. El endoso pudo haberse efectuado en la póliza y nunca haber tenido efecto. Existen quizá otras posibilidades. Resolvemos que el mero endoso no era suficiente indicio de evidencia para probar que Zoilo Feliú no era el único dueño en el momento de otorgarse la póliza, encontrándose como se encontraba ésta en su poder. Tal cuestión no debe ser decidida en una moción de *nonsuit* a menos que se desprenda claramente que Sucrs. de L. Villamil & Co. tuvieran un interés real al expedirse la póliza. Igualmente tenemos alguna duda respecto a si el dejar de notificar a la aseguradora del endoso fué por sí sólo suficiente para anular la póliza en su totalidad.

*Debe revocarse la sentencia y devolverse el caso para procedimientos no inconsistentes con esta opinión.*