CASTRO & ROUVIER, S. EN C., demandante y apelada, *v.* HERMINIO MELÉNDEZ y su esposa DOÑA CARMEN L. DE MELÉNDEZ, demandados y apelantes.

No. 6767.—*Sometido:* Mayo 7, 1935. *Resuelto:* Diciembre 24, 1935.

*E. Huertas Zayas,* abogado de los apelantes; *Alberto S. Poventud,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

De las alegaciones y de parte de la opinión emitida por la corte inferior, no puede haber duda alguna de que la demandante en este caso lo es la firma de Castro & Rouvier, una sociedad en comandita. Al menos el pleito fué instituído a nombre de esa firma. La dificultad estriba en que en la opinión y en la transcripción de la evidencia hay algunos indicios de que el verdadero demandante lo es Arturo Castro, haciendo negocios bajo la razón social de Castro & Rouvier. La corte se fundó en el caso de *Feliú* v. *Independence Indemnity Co.,* 43 D.P.R. 227. Ese caso resolvió que un hombre podía hacer

negocios bajo un nombre convencional, si así lo deseaba. Sucedió que Rouvier, el otro socio gestor, le vendió su participación a Castro, y que también se le pagó su participación al socio comanditario. Esto hacía que Castro fuera la única persona interesada en la firma de Castro & Rouvier. Mientras ocupaba la silla testifical, y a instancias de la corte, Castro dijo, entre otras cosas, que él era el demandante en el pleito. Sin embargo, más adelante aparecía que lo que él entendía por ello fué que él era dueño de la firma de Castro & Rouvier. Salió a relucir también que la sociedad de Castro & Rouvier fué disuelta y estaba siendo liquidada por Castro mismo. De modo pues, que la forma más apropiada para considerar este litigio es como uno iniciado por la firma de Castro & Rouvier en liquidación. Quizá hubiera sido mejor si el pleito hubiese sido instruído por Castro, como liquidador de Castro & Rouvier, mas no estamos del todo convencidos de que cuando un hombre está liquidando los negocios de una sociedad disuelta no pueda él entablar el pleito a nombre de la firma. En una forma u otra, no convenimos con los apelantes en que la persona apropiada no estaba ante la corte. Este caso, desde luego, difiere del de *Feliú* v. *Independence Indemnity Co.,* supra. Además, en parte de su alegato los apelantes sostienen que la firma de Castro & Rouvier ha sido disuelta y que por ende ésta podía iniciar un pleito. Esto equivale a algo como una admisión de que de lo contrario Castro & Rouvier sería la verdadera demandante ante la corte. Queda así resuelto el segundo señalamiento de error, no discutido por la apelada a no ser refiriéndose al primer señalamiento, en el que descansaba en *Feliú* v. *Independence Indemnity Co.,* supra.

El primer señalamiento alega que la corte cometió error al admitir en evidencia un documento que demostraba la constitución de la firma. No podemos ver el error y, de todos modos, su admisión no fué perjudicial.

El tercer señalamiento lee:

"La corte sentenciadora erró al considerar que los demandados tuvieron varias oportunidades para leer y examinar el documento y que pudieron comparecer al juicio y no lo hicieron, para atacar la autenticidad y otorgamiento del pretendido pagaré."

Tal vez los apelantes estén en lo cierto al sostener que antes del juicio no tuvieron oportunidad de leer el pagaré, pero como es corriente en esos casos, ellos hubieran tenido oportunidad de examinarlo, de haberlo solicitado antes del juicio, y el error, en nuestra opinión, se reduce a una crítica verbal. Estamos bastante convencidos de que los comentarios hechos por la corte no afectaron la verdadera decisión del caso.

El cuarto señalamiento es que la corte cometió error al aplicar la ley de instrumentos negociables en su artículo 10, inciso tercero. Quizá la corte estuvo equivocada, pero ello no afectó el derecho de la firma a obtener sentencia basada en el pagaré.

■ El quinto error es quizá algo más serio. Lee así:

"La corte sentenciadora cometió un grave error al dictar una sentencia sobre la base y considerando presentado y admitido el pagaré cuyo importe se reclama en la demanda y que se niega en la contestación, el cual no pudó ser admitido porque nunca fué presentado a la corte en la celebración del juicio (récord taquigráfico adicional), errando además al declarar con lugar la demanda cuando no ha habido prueba suficiente para sostenerla."

Ahora bien, la corte estuvo del todo convencida, y así lo hizo constar en su llamada aclaración a la exposición del caso, que el pagaré fué debidamente presentado como prueba. Los apelantes sostienen que los autos demuestran que no lo fué. Empero, no puede haber duda alguna de que el pagaré estaba en poder de la demandante durante el curso del juicio y de que el litigio se basaba en el referido pagaré. Creemos que importa poco que la demandante entregara o no el pagaré al secretario de la corte. Además, un pagaré es tan sólo prueba de la existencia de una deuda, y como durante el juicio se probó claramente que el pagaré fué otorgado por una deuda

existente y que el mismo no había sido pagado, la sentencia estuvo justificada.

*Por tanto, debe confirmarse la sentencia apelada.*